■ REGO PARK GARDENS OWNERS, INC., Appellant, v REGO PARK GARDENS ASSOCIATES et al., Respondents, et al., Defendants. [595 NYS2d 492] —In an action, inter alia, to recover damages for negligent misrepresentation arising out of the conversion of eight buildings to condominium/cooperative ownership, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 11, 1990, as granted those branches of the respondents' motion which were to dismiss the third, fifth, twelfth, thirteenth, fourteenth and fifteenth causes of action in the amended verified complaint insofar as they are asserted against them. The appeal brings up for review so much of an order of the same court, dated September 25, 1990, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated April 11, 1990, is dismissed, as that order was superseded by the order dated September 25, 1990, made upon reargument, and it is further,

Ordered that the order dated September 25, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

This appeal arises out of the conversion to condominium and cooperative ownership of eight buildings in Rego Park, Queens. The condominium is divided into eight residential units comprised of 527 residential apartments in the eight buildings (hereinafter the Residential Units), 48 professional units comprised of professional offices in the eight buildings, and five garage units comprised of the garages in the buildings. The defendants Rego Park Gardens Associates, Western Heritable Investment Company (US) Ltd., Rego Park Gardens Corp., Philip A. MacTataggart and William K. Norris, the sponsors of the Condominium, sold the Residential Units to the plaintiff, Rego Park Gardens Owners, Inc. (hereinafter the Cooperative), who in turn sold shares of the Cooperative to the tenants and other purchasers. The sponsor maintained ownership of the garage units but sold the professional units. The governing body for the condominium is the defendant Board of Managers for Rego Park Gardens Condominium (hereinafter the Condo Board) and the governing body for the Cooperative is the Board of Directors (hereinafter the Coop Board).

The Cooperative commenced this action against, among others, the sponsors and the Condo Board, seeking damages and related relief on causes of action asserted under common law and various statutes and regulations, including the Martin Act (General Business Law art 23-A). Upon the respondents' motions, the Supreme Court dismissed, *inter alia,* the third, fifth, twelfth, thirteenth, fourteenth and fifteenth causes of action. On appeal, we find that the court properly dismissed those causes of action.

It is now well settled that there is no private cause of action under the Martin Act *(see, CPC Intl. v McKesson Corp.,* 70 NY2d 268; *Vermeer Owners v Guterman,* 78 NY2d 1114; *Board of Mgrs. v Fairways at N. Hills,* 150 AD2d 32). Accordingly, the court properly dismissed the Cooperative's fifth cause of action which sought damages for an alleged violation of the Martin Act. Similarly, the Supreme Court properly dismissed the Cooperative's third cause of action to recover damages for negligent misrepresentation, because this cause of action sought, in essence, to pursue a private cause of action under the Martin Act *(see, Horn v 440 E. 57th Co.,* 151 AD2d 112, 120).

Equally unavailing is the Cooperative's contention that the Supreme Court erred in dismissing its twelfth and thirteenth causes of action, which are predicated upon the sponsors' failure to disclose to potential purchasers of the Residential Units the existence and availability of the tenant association's

engineer's report, which allegedly presented a more negative picture of the condition of the buildings than did the sponsors' engineer's report. More specifically, in this regard, the Cooperative alleged that the sponsors were required to disclose the existence of the tenant's engineer's report pursuant to 13 NYCRR 18.3 (hh) (5), and that the sponsors actively concealed the report which constituted fraudulent nondisclosure. However, since 13 NYCRR 18.3 (hh) (5) was promulgated by the Attorney-General pursuant to his regulatory authority under the Martin Act, to permit the Cooperative to maintain a cause of action based upon a violation of this regulation would, in effect, impermissibly permit the Cooperative to maintain a private cause of action for an alleged violation of the Martin Act. Moreover, the Cooperative failed to allege facts sufficient to constitute "active concealment" *(see, Stambovsky v Ackley,* 169 AD2d 254, 257; *Haberman v Greenspan,* 82 Misc 2d 263).

The Cooperative's fourteenth and fifteenth causes of action alleged that the sponsors violated Administrative Code of the City of New York § 26-703 (a) by transferring the reserve fund to the Condo Board instead of to the Coop Board. Administrative Code § 26-703 (a) provides that the sponsor shall transfer the reserve fund *"to the cooperative corporation or* condominium board of managers" (emphasis added). The court therefore properly dismissed these causes of action based upon its conclusion that the sponsors complied with this regulation when they transferred the reserve fund to the Condo Board.

The Cooperative's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.