■ REGO PARK GARDENS OWNERS, INC., Appellant-Respondent, v REGO PARK GARDENS ASSOCIATES et al., Respondents-Appellants, et al., Defendants. [595 NYS2d 490] —In an action, inter alia, to recover damages for negligent misrepresentation arising out of the conversion of eight buildings to condominium/cooperative ownership, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated February 8, 1991, as granted those branches of the motion of the defendants Rego Park Gardens Condominium and the Board of Managers of Rego Park Gardens Condominium which were to dismiss the sixteenth, nineteenth, and twentieth causes of action in the second amended complaint, insofar as they are asserted against them, and Rego Park Gardens Condominium and the

Board of Managers of the Rego Park Gardens Condominium cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the seventeenth and eighteenth causes of action in the second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the respondents-appellants' motion which were to dismiss the sixteenth, nineteenth, and twentieth causes of action in the second amended complaint are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the respondents-appellants.

The essential facts of this case are contained in the companion case entitled *Rego Park Gardens Owners v Rego Park Gardens Assocs.* (191 AD2d 621 [decided herewith]). After several of the claims alleged in the plaintiff's first amended complaint were dismissed, the plaintiff served a second amended complaint asserting 22 causes of action. The respondents-appellants subsequently moved to dismiss seven of those causes of action as against them, and the Supreme Court granted the motion with respect to the plaintiff's sixteenth, nineteenth, and twentieth causes of action.

The sixteenth cause of action alleged that the sponsors of the cooperative/condominium conversion underfunded the sum required to be placed in the reserve fund pursuant to Administrative Code of the City of New York § 26-703. The respondents-appellants were the recipients of the reserve fund. The Supreme Court dismissed this cause of action against the respondents-appellants because the plaintiff alleged no wrongdoing on their part with regard to the reserve fund. However, contrary to the Supreme Court's determination, we find that as the recipients of the reserve fund, the respondents-appellants were properly made party to this action. In this regard, we note that if the plaintiff prevails on its claim that the reserve fund was underfunded, and the sponsors are required to deposit additional sums into the fund, it is unclear whether the respondents-appellants would accept these funds. Indeed, in their brief, they merely state that they would not "necessarily" reject additional funds. Under these circumstances, they were properly joined in this action so that complete relief may be accorded between the parties *(see,* CPLR 1001 [a]).

The nineteenth and twentieth causes of action allege that

including the garage roofs as common elements in the Declaration of Condominium was incorrect since the garage roofs exclusively serve the Garage Units, which are solely owned by the sponsors, and provide minimal or no benefit to the Residential Units, which are represented by the plaintiff. Although Real Property Law § 339-e (3) provides that roofs may be included as common elements, the designation of common areas in a condominium/cooperative must be "tailored to conform to the physical layout of the premises" (Goldsmith, Practice Commentaries, McKinney's Cons Laws of NY, Book 49, Real Property Law art 9-B, at 557). Accordingly, we find that the plaintiff should be afforded the opportunity to demonstrate that, in view of the physical layout of the property, the garage roofs were improperly designated as common areas.

Finally, we find that the seventeenth and eighteenth causes of action, when liberally construed in the light most favorable to the plaintiff *(see, LoPinto v J. W. Mays, Inc.,* 170 AD2d 582, 583), sufficiently state causes of action under Real Property Law § 339-i. Accordingly, the court properly refused to dismiss those two causes of action. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.