■ WHITEHALL TENANTS CORP., Appellant, v ESTATE OF ROBERT S. OLNICK, Deceased, et al., Respondents. [623 NYS2d 585] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 1, 1993, in favor of defendants sponsors and against plaintiff cooperative housing corporation dismissing the complaint, and bringing up for review prior rulings which, after a jury trial, granted defendants a judgment notwithstanding the verdict with respect to plaintiff's cause of action for fraud, and after a nonjury trial, dismissing plaintiff's cause of action based on Local Laws, 1982, No. 70 of the City of New York (Administrative Code of City of NY § 26-703), unanimously affirmed, without costs.

Plaintiff cooperative's attempt to sue representatively on behalf of its resident shareholders, claiming that they were defrauded by defendant sponsor, was properly rejected. While *CPC Intl. v McKesson Corp.* (70 NY2d 268), holding that there is no private right of action under the Martin Act, does not foreclose a cause of action for common-law fraud *(see, Breakwaters Townhomes Assn. v Breakwaters of Buffalo,* 207 AD2d 963), private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act *(see, e.g., Rego Park Gardens Owners v Rego Park Gardens Assocs.,* 191 AD2d 621, 622). Without evidence of reliance by its shareholders in the case of the brick curtain wall or intent to defraud

by the sponsor in the case of the asbestos, plaintiff is endeavoring to vindicate its shareholders for information withheld or misrepresented by the sponsor, which is exactly what the Martin Act commits exclusively to the Attorney-General. Accordingly, plaintiff's fraud cause of action was properly dismissed as a matter of law. The record also supports the trial court's finding of fact that the first offering plan was accepted for filing before the effective date of Local Law No. 70. We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Mazzarelli, JJ.