■ 15 EAST 11TH APARTMENT CORP., Appellant-Respondent, v H. HENRY ELGHANAYAN et al., Respondents, and ROTHZEID, KAISERMAN & THOMSON, P. C., Respondent-Appellant, et al., Defendants. (And a Third-Party Action.) (Action No. 1.) DIANE W. CERIBELLI et al., Plaintiffs, v LANDMARK RESTORATION COMPANY, Defendant and Third-Party Plaintiff, and H. HENRY ELGHANAYAN et al., Defendants and Third-Party Plaintiffs-Respondents. ROTHZEID, KAISERMAN & THOMSON, P. C., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Action No. 2.) 15 EAST 11TH STREET OWNERS CORP., Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent. (Action No. 3.) [632 NYS2d 119] —Order, Supreme Court, New York County (Angela M. Mazzarelli, J.), entered on or about November 2, 1994, which, *inter alia*, granted the motions of the Elghanayan defendants in Action No. 1 for summary judgment dismissing the complaint and of defendant insurer in Action No. 3 for summary judgment dismissing the complaint, and which granted, in part, third-party defendant

Rothzeid's motion in Action No. 2 for summary judgment dismissing that third-party complaint only insofar as it sought indemnification, unanimously modified, on the law, to the extent of granting the third-party defendant's motion in Action No. 2 and dismissing that third-party complaint in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the third-party complaint.

The broad enforcement remedies available to the State under the Martin Act (General Business Law art 23-A) incorporate actions based upon the Attorney-General's belief that an entity "has engaged in, is engaged or is about to engage in any of the practices or transactions heretofore referred to as and declared to be fraudulent practices" (General Business Law § 353 [1]). Section 352-e (1) (b) requires that the offering statement for cooperative interest in realty contain "a description of the property". The complaint in Action No. 1 alleges the Elghanayan defendants' concealment of certain dangerous structural conditions from the purchasers. Each of the four causes of action alleges a failure to disclose these conditions "in the Offering Plan". We are concerned primarily with the first cause of action in that complaint, alleging six specific instances of fraud in connection with the failure to disclose this information in the Offering Plan.* There is nothing unique about the pleading of a common law remedy in Action No. 1 that is not already available to the Attorney-General under the statute. It would thus appear that plaintiff in Action No. 1, rather than pleading common law fraud, is in reality alleging nothing more than a private cause of action which is prohibited under the Martin Act (*Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200). In other words, plaintiff in Action No. 1 lacks standing to bring that suit, and summary judgment dismissing that complaint was properly granted.

We further note that the loss complained of did not "commence" during the policy period of defendant insurer in Action No. 3 and thus, under the express terms of the policy, is not a covered loss. The record leaves no room for doubt that the claimed loss took place gradually, over many years. Therefore, summary judgment dismissing the complaint in Action No. 3 was proper.

Finally, we depart from the IAS Court's holding only insofar

---

* The other three causes of action are similar, but are denominated "RICO", "CPLR § 214-c" and "NEGLIGENCE".

as it sustained the third-party complaint for contribution in Action No. 2. The underlying claim there seeks contractual damages, i.e., economic loss due to diminution of the value of the shares of the individual tenants in the cooperative apartment. Contribution, however, is not available where the plaintiff sues for economic loss resulting from a breach of contract (*Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21), and the assertion of a cause of action in fraud does not change the gravamen of the underlying claim or the damages which may be recovered (*cf., Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389). Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.