■ ROCKEFELLER UNIVERSITY, Plaintiff, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. ABRAMOVITZ-HARRIS-KINGSLAND, Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And a Fourth-Party Action.) ROCKEFELLER UNIVERSITY, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. CENTURY MAXIM CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [647 NYS2d 513] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered June 13, 1995, dismissing defendant as third-party plaintiff Tishman Construction Corporation's third-party complaint as against Abramovitz-Kingsland-Schiff ([AKS] sued as Abramovitz-Harris-Kingsland), and bringing up for review an order, same court and Justice, entered May 4, 1995; judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 15, 1995, dismissing Tishman's third-party complaint as against Century Maxim Construction Corp. and Tishman's claims for contribution and contractual indemnification as against Westinghouse Elevator Company, and bringing up for review an order, same court and Justice, entered November 8, 1995; and order, same court and Justice, entered May 9, 1996, denying Tishman's motion for, *inter alia*, renewal of the November 8, 1995 order, unanimously affirmed, with costs.

The motion court properly dismissed Tishman's contribution causes of action, since the complaint in the main action by the project owner sought damages for economic loss resulting from a breach of contract, the tort language therein notwithstanding (*see, Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d 685), and absent some form of tort liability, contribution is unavailable (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28). In light of the benefit of the bargain recovery sought here for the cost of repairs and the diminution of the building's value, the mere potential for serious physical injury or property damage is not enough to create a duty independent of the contract thereby authorizing recovery in tort.

*Sommer v Federal Signal Corp.* (79 NY2d 540), relied upon by appellant, is not to the contrary, inasmuch as *Sommer* follows *Sargent* in denying tort recovery where the recovery sought is the contractual benefit of the bargain (*supra*, at 553; *see also, 15 E. 11th Apt. Corp. v Elghanayan*, 220 AD2d 295, 297, *lv dismissed in part and lv denied in part* 87 NY2d 1050).

We agree with the motion court's interpretation of the contractual provisions upon which appellant grounded its requests for express contractual indemnification and the resulting dismissal of such claims (*see, Dormitory Auth. v Caudill Rowlett Scott*, 160 AD2d 179, *lv denied* 76 NY2d 706).

The implied indemnification claims were also properly dismissed. Indemnification was premised on Tishman's actual fault and not merely its vicarious liability (*see, Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 453). In response to AKS's dismissal motion, which raised an issue of law only, Tishman's submissions were silent as to the allegation that it supervised the work, focusing instead on the acts of AKS. Nor was there any issue of fact raised with regard to Century's claim that Tishman actively supervised the concrete work in light of admissions to that effect in Tishman's own correspondence and the evidence of its participation contained in the construction documents. This evidence demonstrated that Tishman's supervisory activity was not limited to mere periodic progress inspections. We have considered defendant and third-party plaintiff's other contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.