■ DIANE F. THOMPSON et al., Respondents, v PARKCHESTER APARTMENTS Co., Appellant. [670 NYS2d 858] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 1, 1997, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed, with leave to plaintiff to replead within twenty days from the service of this order with notice of entry. The Clerk is directed to enter judgment accordingly.

Only the Attorney-General has standing to commence an action alleging false or deceptive practices in a condominium offering plan (General Business Law, art 23-A [the Martin Act], § 352 *et seq.*). While there is still a private cause of action for common-law fraud (*CPC Intl. v McKesson Corp.*, 70 NY2d 268), "private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to

the Attorney-General under the Martin Act" (*Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200, *lv denied* 86 NY2d 704). The complaint herein, to the extent that it alleges common-law fraud, active concealment and breach of an implied covenant of good faith, suffers from just such a defect. In order to establish a viable independent claim for deception and false representation, plaintiff must plead, within the appropriate period of limitations (CPLR 213 [8]; *see, Unibell Anesthesia v Guardian Life Ins. Co.*, 239 AD2d 248), a unique set of circumstances whose remedy is not already available to the Attorney-General (*15 E. 11th Apt. Corp. v Elghanayan*, 220 AD2d 295, 296, *lv dismissed* 87 NY2d 1050).

Whether such a cause of action should be framed in terms of consumer protection from deceptive practices (General Business Law § 349 [a]; *see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20), as plaintiffs argued in response to defendant's dismissal motion, is not for us to decide at this time. Suffice it to say that the complaint before us, although pleaded with particularity, was defective and should have been dismissed. Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.