■ 167 HOUSING CORP., Respondent, v 167 PARTNERSHIP et al., Appellants. [675 NYS2d 91] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 23, 1996, which denied defendants' respective motions pursuant to CPLR 3211 and 3212 to dismiss plaintiff's causes of action for breach of contract, breach of fiduciary duty and common-law fraud, and granted plaintiff leave to amend the complaint to include a

third-party beneficiary breach of contract claim against defendant architect Wys Design Partnership, unanimously modified, on the law, to dismiss plaintiff's cause of action for fraud, and otherwise affirmed, without costs or disbursements.

Plaintiff cooperative housing corporation brought this action to recover damages for alleged building and design defects against defendants 167 Partnership and its individual partners, Monaghan, Marcus, Frank Raccuglia and Frank Raccuglia, Jr., and against the architect Wys Design Partnership, and Shapiro, its principal.

Contrary to the conclusion reached by the IAS Court, plaintiff cooperative corporation lacked standing to assert a common-law fraud claim against defendant sponsors for information they allegedly withheld or misrepresented since such authority lies exclusively with the Attorney-General under General Business Law § 352 ([i.e., the Martin Act] *see, 15 E. 11th Apt. Corp. v Elghanayan*, 220 AD2d 295, *lv denied* 87 NY2d 1050).

Plaintiff corporation is asserting causes of action on behalf of its residential shareholders, the real parties in interest, who now have a controlling interest in the corporation but did not at the time of the conversion closing. In addition, while plaintiff asserts that it is not bringing the fraud claim pursuant to the Offering Plan, but pursuant to a separate Contract of Exchange, the Offering Plan is incorporated by reference into the former. The complaint predicates the causes of action as to misrepresentation on the condition of the building set forth in the Offering Plan without a single reference anywhere to the Contract of Exchange. Thus, plaintiff's present claim that it relied on representations in the Contract of Exchange, which are wholly derived from the Offering Plan, is impermissible since "private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act" (*Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200, *lv denied* 86 NY2d 704).

We have examined the remaining contentions by defendants-appellants and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.