■ DIANE F. THOMPSON et al., Respondents, and LENA LEFTWICH et al., Respondents-Appellants, v PARKCHESTER APARTMENTS Co., Appellant-Respondent. [706 NYS2d 637] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered October 6, 1999, which denied defendant's motion to dismiss the amended complaint insofar as it sought dismissal of the causes of action of plaintiffs Diane Fleming Thompson and Syed M. Hussain, but granted the motion to the extent of dismissing the causes of action of plaintiffs Lena Leftwich and Betty Jane Bundrant as time-barred, unanimously modified, on the law, to grant defendant's motion to the further extent of dismissing the complaint's remaining causes, i.e., those asserted by plaintiffs Diane Fleming Thompson and Syed M. Hussain, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In this action alleging fraud in connection with the purchase of condominium units in defendant's apartment complex, plaintiffs have failed in their amended complaint to plead "a unique set of circumstances whose remedy is not already available to the Attorney-General" (*Thompson v Parkchester Apts. Co.*, 249 AD2d 68, 69, *lv dismissed* 92 NY2d 946). While describing their claim as one seeking redress for "a deceptive act as defined in the code" (referring to General Business Law § 349), plaintiffs have merely repeated the same grievance alleged in the original complaint, adding the fact that the materials distributed by defendant in connection with the purchase of the condominiums in question contained false information regarding the condition of the plumbing. Since, pursuant to the Martin Act, the Attorney General has exclusive jurisdiction to prosecute sponsors who make false statements in condominium offering plans filed thereunder, plaintiffs have no standing to pursue the above-described claims, as alleged. Moreover, even if we were to assume that the allegations set forth in the amended complaint were not subject to the Martin Act, plaintiffs would nonetheless fail to set forth a viable claim under General Business Law § 349 since they have not met the threshold requirement for such a claim by showing that the alleged deceptive acts, if permitted to continue, would have a broad impact on consumers at large (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320). The presently litigated dispute, involving faulty plumbing and what the individual

plaintiffs were told about the condition of the plumbing when they purchased their individual units, is unique to the parties at this particular complex, and thus, does not fall within the ambit of the statute (*see, Devlin v 645 First Ave. Manhattan Co.*, 229 AD2d 343, 344). Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.