KEH HSIN SHEN et al., Respondents-Appellants, v ASTORIA FEDERAL SAVINGS AND LOAN et al., Defendants, and 149

ROOSEVELT AVENUE ASSOCIATES et al., Appellants-Respondents. [744 NYS2d 336] —In an action, inter alia, to recover damages for breach of contract, the defendants 149 Roosevelt Avenue Associates, TTF Roos. Ave. Corp., and Frank Nastasi, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated February 16, 2001, as denied that branch of their motion pursuant to CPLR 3211 (a) (5) and (7) which was to dismiss the fourth cause of action in the complaint insofar as asserted against them, and the plaintiffs cross-appeal from stated portions of the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was to dismiss the fourth cause of action in the complaint insofar as asserted against the appellants is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The defendants 149 Roosevelt Avenue Associates, TTF Roos. Ave. Corp., and Frank Nastasi (hereinafter the appellants), were collectively the sponsor of a condominium complex where the plaintiffs are individual unit owners. The appellants contend that the Supreme Court erred in denying that branch of their motion which was to dismiss the fourth cause of action in the complaint insofar as asserted against them because, although denominated as a common-law fraud claim, that cause of action is, in actuality, a Martin Act (*see* General Business Law § 352 *et seq.*) claim alleging false or deceptive practices in a condominium offering plan. We agree.

Pursuant to the Martin Act, the Attorney General has exclusive jurisdiction to prosecute condominium sponsors who make false statements in condominium offering plans filed thereunder, thereby precluding individual condominium unit owners from having standing to pursue such claims (*see CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Thompson v Parkchester Apts. Co.*, 271 AD2d 311; *Board of Mgrs. of Fairways at N. Hills Condominium v Fairways at N. Hills*, 150 AD2d 32). "While there is still a private cause of action for common-law fraud * * * 'private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney General under the Martin Act' " (*Thompson v Parkchester Apts. Co.*, 249 AD2d 68, 68-69, quoting *Whitehall Tenants Corp. v Estate of Olnick*, 213 AD2d 200). The fourth cause of action contains just such a defect. Accordingly, the Supreme Court should have dismissed the fourth

cause of action in the complaint insofar as it was asserted against the appellants.

In light of this determination we need not reach the appellants' remaining contention. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.