■ ROYAL YORK OWNERS CORP., et al., Respondents, v ROYAL YORK ASSOCIATES, L.P., Appellant. (Action No. 1.) ROYAL YORK OWNERS CORP., et al., Respondents, v ROYAL YORK ASSOCIATES, L.P., Appellant. (Action No. 2.) [842 NYS2d 384]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 26, 2006, which, in the above-entitled Action No. 1, granted plaintiffs' motion to reargue, and upon reargument, vacated its prior determination and granted plaintiffs summary judgment declaring that the garage roof in the subject condominium belongs to defendant as the owner of the condominium's Garage Unit, that defendant is solely responsible for the repair, replacement and maintenance of the garage roof, and that the garage roof is not described as a common element in the condominium's declaration, and directing that the declaration be reformed to clarify that the garage roof is not a common element, but is part of the Garage Unit, unanimously reversed, on the law, with costs, and defendant granted summary judgment declaring that the garage roof is a common element of the condominium. Order, same court and Justice, entered September 26, 2006, which, in the above-entitled Action No. 2, granted plaintiffs' motion to enjoin defendant from interfering with plaintiffs' contracting for repair

work to the Garage Unit, including the roof, on defendant's behalf and at defendant's sole expense, unanimously modified, on the facts, to the extent of striking that part of the order requiring defendant to bear the total costs of repair, and otherwise affirmed, with costs to defendant.

The subject condominium comprises two 12-story residential apartment buildings separated by a 55-foot-wide open, landscaped courtyard. A two-level underground commercial garage is located at the cellar level of each of the two buildings and directly below the courtyard. The condominium's declaration divides the property into a "Garage Unit" (principally comprising the underground garage), a "Residential Unit" (principally comprising the above-ground portions of the two residential buildings, excepting their roofs, and the courtyard "above the garage roof"), and common elements held by all unit owners as tenants-in-common. The declaration specifically excludes from each of the Residential Unit and the Garage Unit any common elements physically "located therein."

In 2002, it was determined that the garage roof was in need of repair due to substantial water infiltration, and, soon thereafter, a slab of concrete fell from the ceiling within the garage. The parties, however, could not agree which one was responsible for the cost of the repairs. Defendant, the successor sponsor of the condominium and the owner of the Garage Unit, maintained that the garage roof was a common element of the condominium and that the repair costs should therefore be shared in accordance with the percentages set forth in the condominium's declaration. On the other hand, plaintiffs, which represent the owners of apartments in the Residential Unit, insisted that the roof belonged to defendant and that defendant was therefore solely responsible for the repair costs.

Plaintiffs, in an effort to compel defendant to bear the total cost of repair, commenced the above-captioned Action No. 1, which seeks, inter alia, declarations that the garage roof is part of the Garage Unit and that the garage roof is not a common element of the condominium, and reformation of the condominium's declaration to clarify that the garage roof is not a common element. Supreme Court initially determined, upon a reading of the condominium's declaration and bylaws as well as Real Property Law § 339-e (3) and § 339-i (4), that the garage roof was a common element of the condominium (8 Misc 3d 1002[A], 2005 NY Slip Op 50889[U] [2005]). However, upon plaintiffs' motion for reargument, the court vacated its prior determination and declared that the garage roof was not a common element.

We disagree. A review of article 9-B of the Real Property Law,

together with the relevant provisions of the condominium's declaration and bylaws, establishes that the garage roof is a common element. Real Property Law § 339-e (3) (b) includes "roofs" in its definition of "common elements," and the condominium's declaration does not provide otherwise. Article VI, § 6.1 (a) (18) of the declaration provides that the "roofs on the Buildings" are common elements. Although the term "Buildings" is elsewhere defined to refer to the two 12-story residential buildings, article VI, § 6.1 (a) (18) takes pains to clarify that the courtyard situated "above the garage roof" is not a common element, but is deemed part of the Residential Unit. Such a clarification leads to the conclusion that the garage roof, like the roofs of the Buildings, is a common element. Further support is found in the declaration's detailed enumerations of the elements belonging to the Residential Unit and the Garage Unit, respectively; the garage roof is not listed as a constituent of either unit. The tax lot map of the condominium also provides that the garage roof is a common element, and, contrary to plaintiffs' assertions, the garage roof does not exclusively serve or benefit defendant inasmuch as the roof supports the courtyard, which belongs to the Residential Unit. In view of the layout of the subject condominium and the language of the declaration, we hold that the garage roof is a common element (cf. *Rego Park Gardens Owners v Rego Park Gardens Assoc.*, 191 AD2d 623 [1993]).

Defendant also appeals from the injunctive relief that was issued in the above-captioned Action No. 2 after Supreme Court determined, upon reargument, that the garage roof was not a common element. The injunction need not be disturbed insofar as it directs defendant to permit plaintiffs to repair the garage roof, since such repairs are clearly necessary and within plaintiffs' authority. However, in light of our present determination that the garage roof is a common element of the condominium, that part of the injunction requiring defendant to bear the total costs of the repair must be stricken.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.