■ RICHARD L. KRAMER et al., Appellants, v W10Z/515 REAL ESTATE LIMITED PARTNERSHIP et al., Respondents. KERUSA CO. LLC, Appellant, v W10Z/515 REAL ESTATE LIMITED PARTNERSHIP et al., Respondents. [844 NYS2d 18]—

---

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 8, 2005, which denied the Kramer plaintiffs' motion to serve a second amended complaint, and order, same court and Justice, entered December 8, 2005, which denied plaintiff Kerusa's motion to serve a second amended complaint, unanimously modified, on the law and the facts, to permit plaintiffs to assert claims for common-law fraud and to permit Kerusa to assert a claim of gross negligence against defendant W10Z/515 Real Estate Limited Partnership (the sponsor), and otherwise affirmed, without costs.

The Martin Act (General Business Law art 23-A) does not preclude a private party from prosecuting an otherwise valid common-law fraud claim in connection with the sale of securities whenever the alleged fraudulent conduct is such that the Attorney General would be authorized to bring an action against the defendant under the Martin Act (*see Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc.*, 190 AD2d 636, 637 [1993] [upholding claim of fraud in the sale of condominium units brought against sponsor who allegedly knowingly and intentionally advanced a misrepresentation in the offering plan]; *Horn v 440 E. 57th Co.*, 151 AD2d 112, 117-118 [1989] [upholding fraud and breach of warranty claims where it could be argued that the Martin Act was written in the parties' contract for the sale of stock in a cooperative via a warranty against material omissions and misrepresentations in offering statement and its amendments]).

To be sure, some support for the contrary conclusion—that such claims are barred by the Martin Act—appears in the case law (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 285 AD2d 244 [2001], *affd on other grounds* 98 NY2d 144 [2002]; *Thompson v Parkchester Apts. Co.*, 271 AD2d 311 [2000] *[Thompson II]*; *167 Hous. Corp. v 167 Partnership*, 252 AD2d 397 [1998]; *Thompson v Parkchester Apts. Co.*, 249 AD2d 68 [1998] *[Thompson I]*, *lv dismissed* 92 NY2d 946 [1998]; *15 E. 11th Apt. Corp. v Elghanayan*, 220 AD2d 295 [1995], *lv dismissed* 87 NY2d 1050 [1996]). *Whitehall Tenants Corp. v Estate of Olnick* (213 AD2d 200 [1995], *lv denied* 86 NY2d 704 [1995]) is the apparent progenitor of this line of authority. In that case, this Court affirmed a judgment dismissing a fraud claim brought by a cooperative against a sponsor notwithstanding a jury verdict in favor of the cooperative. First, this Court noted the holding of *CPC Intl. v McKesson Corp.* (70 NY2d 268 [1987]) that there is no private right of action under the Martin Act. This Court then stated that although *CPC Intl. v McKesson Corp.* "does not foreclose a cause of action for common-law

fraud, private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act" (213 AD2d at 200 [citations omitted]).[1] This Court viewed the common-law fraud claim as an example of such impermissible "artful pleading" because there was no evidence of reliance by the allegedly defrauded shareholder or intent to defraud by the sponsor (*id.* at 200-201).

In this regard, *Whitehall Tenants Corp.* makes good sense, and so the sins of its descendants cannot be blamed on it. To prevail on a claim of fraudulent practices under the Martin Act, the Attorney General need not allege or prove either scienter or intentional fraud (*State of New York v Rachmani Corp.*, 71 NY2d 718, 725 n 6 [1988]). Accordingly, to prevent an end run around the rule prohibiting a private right of action under the Martin Act, a private plaintiff cannot be permitted to bring a cause of action that, although styled as one for common-law fraud, lacks proof of an essential element of common-law fraud.

The reasoning of *Whitehall Tenants Corp.*, however, has erroneously been extended to cases in which there is no legitimate reason to question at the pleading stage the ability of the plaintiff to prove all of the essential elements of common-law fraud. Thus, the decisions of this Court after *Whitehall Tenants Corp.* appear to regard as an example of the "artful pleading" first decried in *Whitehall Tenants Corp.* every claim of common-law fraud arising out of conduct that could have been the basis for an action by the Attorney General. Certainly none of those decisions suggest a principled basis for identifying those claims of common-law fraud that would not be regarded as such impermissible ploys.

When a plaintiff pleads all the elements of fraud with particularity, no end run around the Martin Act would be entailed by granting the plaintiff an opportunity to prove the truth of the allegations. But to throw the plaintiff out of court merely because the Attorney General would be entitled to relief under the Martin Act on the strength of the same allegations, or a subset of those allegations, makes no sense. The Martin

---

**1.** In *Thompson I*, this Court stated that "there is still a private cause of action for common-law fraud" (249 AD2d at 68), even as it immediately went on to state that " 'private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act' " (*id.* at 68-69, quoting *Whitehall Tenants Corp., supra*). Similarly, this Court stated in *511 W. 232nd Owners Corp.* that "[w]hile private plaintiffs may maintain common-law fraud claims, plaintiffs are not permitted to disguise claims which rightfully belong to the Attorney General as their own" (285 AD2d at 248).

Act, of course, "was enacted to protect the public from fraudulent exploitation" (*Matter of Badem Bldgs. v Abrams*, 70 NY2d 45, 54 [1987]) and "has a broad remedial purpose to protect the public interest" (*State of New York v Fine*, 72 NY2d 967, 969 [1988]). To construe the Martin Act to have abolished the right of purchasers of condominium and cooperative interests (and purchasers of other securities) to sue sellers for common-law fraud is to give the Martin Act a construction that is antithetical to its remedial purpose. Nor does anything in the text of the Martin Act lend any support to such a construction.

Moreover, no decision of the Court of Appeals supports this construction of the Martin Act. In fact, in *CPC Intl. v McKesson Corp.*, the Court upheld a claim of common-law fraud that was based on the same financial projections that constituted the crux of the Martin Act claim the Court dismissed (70 NY2d at 284-286). In *Vermeer Owners v Guterman* (78 NY2d 1114 [1991]), the Court confirmed that no private right of action was authorized under the provision of the Martin Act (General Business Law § 352-e) which governs real estate offerings. Although the Court also dismissed the plaintiffs' common-law fraud claim, it did so because the plaintiffs failed to establish an essential element of common-law fraud, namely, reliance, not because that claim was barred by the Martin Act (78 NY2d at 1116).[2]

For these reasons, the Martin Act does not bar plaintiffs' causes of action for common-law fraud. Moreover, defendants' contention that the second amended complaints do not allege the requisite "active concealment" is without merit (*see Bethka v Jensen*, 250 AD2d 887 [1998]; *17 E. 80th Realty Corp. v 68th Assoc.*, 173 AD2d 245 [1991]; *Stambovsky v Ackley*, 169 AD2d 254 [1991]; *see also Junius Constr. Corp. v Cohen*, 257 NY 393 [1931]), as is their contention that the fraud claims impermissibly duplicate the plaintiffs' contract claims (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287 [1999]). Finally, defendants' arguments premised on the law of the case doctrine also are without merit as the allegations of the second amended complaints are not the same as the allegations of the earlier pleadings that the IAS court found to be lacking in particularity.

---

**2.** More recently, the Court of Appeals made note of the issue in *511 W. 232nd Owners Corp.* (*supra*). In the course of affirming on the sponsor's appeal, the Court noted that "[p]laintiffs and plaintiffs' amici, including the Attorney General, argue that the Attorney General does not have exclusive jurisdiction to prosecute Martin Act violations and that the Appellate Division erred in holding that plaintiffs had no standing to prosecute their fraud causes of action" (98 NY2d at 151 n 3). This argument however, was one the Court could not address because plaintiffs had not cross-moved for leave to appeal (*id.*).

With respect to the Kramer plaintiffs' claim for diminution damages, given defendants' concession in their brief that the order appealed from does not bar that claim, the Kramers will not be harmed by the motion court's refusal to permit them to add allegations about the diminution in the value of their unit. Concerning the Kramer plaintiffs' claim that the construction defendants aided and abetted the Zeckendorfs' alleged breaches of fiduciary duty, we reject the Kramers' argument that on a motion to amend the complaint, a defendant may only challenge the merits of a proposed new cause of action. Nor is the opposing construction defendant, Jaros, Baum & Bolles, being given a second bite at the apple, since it does not appear that it had previously moved to dismiss the Kramers' aiding and abetting claim in the first amended complaint. On the merits, the Kramers' second amended complaint contains no facts from which one can infer Jaros'—or any other construction defendant's—knowledge and assistance of the Zeckendorfs' breach of fiduciary duty during the relevant time period, i.e., the duration of the initial, sponsor-dominated board of managers (see *Kaufman v Cohen*, 307 AD2d 113, 125-126 [2003]).

Regarding plaintiff Kerusa's claim for gross negligence against the sponsor, defendants did not argue before the motion court that Kerusa had no such cause of action; rather, they argued that Kerusa had no cause of action for gross negligence against the other defendants. Similarly, the motion court stated that "there is no allegations [*sic*] of duty of care owed to Kerusa by the Sponsor defendants (*other than the sponsor itself*)" (emphasis added), but then denied Kerusa's motion for leave to add a gross negligence claim against the sponsor. Since Kerusa's proposed second amended complaint contains sufficient factual allegations to support the inference that the sponsor intentionally acted unreasonably in the face of a known or obvious risk highly likely to result in harm (see *Maltese v Westinghouse Elec. Corp.*, 89 NY2d 955, 956-957 [1997]), Kerusa should be allowed to add a claim of gross negligence against the sponsor, and we modify accordingly. We note that the Kramer plaintiffs' first amended complaint (the operative complaint in that case) contains allegations of gross negligence that the motion court permitted to stand, and that defendants did not appeal from the partial denial of their motion to dismiss the first amended complaint. Concur—Sullivan, J.P., Williams, Catterson and McGuire, JJ.