Order, Supreme Court, New York County (Judith J. Gishe, J.), entered January 2, 2009, which, to the extent appealed from, granted plaintiff’s motion for summary judgment as to his causes of action for specific performance and breach of contract, and denied defendant Board’s cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a dentist, seeks to enforce the express right of first refusal of Aline Realty LLC, of which he is the managing member, to purchase the basement unit of the 12-floor condominium at 161 Madison Avenue, which primarily houses medical practices. Defendant, a reproductive endocrinologist, maintains his practice in a unit on the fourth floor of the building.
*511 Defendant Board of Managers is the governing body of the condominium, and is charged with enforcement of its bylaws. Article XI, section 1 of those bylaws spells out the right of first refusal in relevant part as follows: “A unit owner has the right to sell or lease his Unit providing he gives notice of the bona fide terms of any proposed sale or lease to the immediately contiguous Unit Owners and to the Board of Managers and obtains their approval for the sale or lease ... If an immediately contiguous Unit Owner(s) disapproves of the transaction, such Unit Owner(s) must give the selling or leasing Unit Owner and the Board of Managers written notice thirty (30) days after notice of the proposed sale or lease, of his intention to purchase or lease the Unit on the same terms, or other terms more favorable to the Owner of the Unit proposed for sale or lease.” Article XI, section 3 sets forth the required notice of the bona fide terms of a sale, to be given to a holder of a right of first refusal: “A Unit Owner intending to make a transfer, sale or lease of the Unit or any part thereof, or interest therein, shall give notice to all immediately contiguous Unit Owners and to the Board of Managers of such intention. He shall furnish . . . (i) the name and address of the intended grantee or lessee; (ii) a statement of all of the terms of the transaction; (iii) financial and professional references of the transferree [sic] or lessee; (iv) the specific occupation of the transferee or lessee including any areas of specialization; (v) an executed copy of the proposed contract to sell or lease; and (vi) such other information as the immediately contiguous Unit Owners or the Board of Managers may reasonably require.” (Emphasis added.)
The basement space constituted a unit (see e.g. Royal York Owners Corp. v Royal York Assoc., L.P., 43 AD3d 357, 358 [2007], lv denied 10 NY3d 791 [2008]), and we adopt the motion court’s reasoning that plaintiffs first-floor unit was “immediately contiguous” to the basement unit by reason of the common border, namely, the floor of plaintiffs unit and the ceiling of the basement. Plaintiff thus had a right of first refusal with respect to the sale of the basement space. Because the term “immediately contiguous” was plain and unambiguous, extrinsic evidence proffered by defendants could not be considered (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163 [1990]).
“The right of first refusal, however, is contingent upon the existence of a valid, outstanding contract to a third party. If there is no such contract, then there is nothing to accept or refuse” (Lin Broadcasting Corp. v Metromedia, Inc., 139 AD2d 124, 135 [1988], affd 74 NY2d 54 [1989]). Since plaintiff was not required to act until the Board executed a contract with the *512 individual defendant, the Board’s defenses—notice, equitable estoppel, laches and unclean hands—are unavailing (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). Nor did plaintiff “waive” his right of first refusal, as there is no evidence in the record that he ever told anyone he had no plans to purchase the basement space (Golfo v Kycia Assoc., Inc., 45 AD3d 531, 533 [2007], lv denied 10 NY3d 704 [2008]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.