■ BOARD OF MANAGERS OF THE A BUILDING CONDOMINIUM et al., Plaintiffs, v 13TH & 14TH STREET REALTY LLC et al., Defendants, and CRYSTAL CURTAIN WALL SYSTEM CORP. et al., Appellants. 13TH & 14TH STREET REALTY LLC et al., Third-Party Plaintiffs, and CRYSTAL CURTAIN WALL SYSTEM CORP. et al., Third-Party Plaintiffs-Appellants, v HUDSON MERIDIAN CONSTRUCTION GROUP, Third-Party Defendant-Appellant/Second Third-Party Plaintiff-Appellant/Third Third-Party Plaintiff-Appellant. MARINO GERAZOUNIS & JAFFE ASSOCIATES INC. et al., Third Third-Party Defendants-Respondents, et al., Third-Party Defendants, et al., Second Third-Party Defendants, et al., Third Third-Party Defendants. [27 NYS3d 23]—

Orders, Supreme Court, New York County (Barbara Jaffe, J.), entered December 22, 2014 and December 26, 2014, which, insofar as appealed from as limited by the briefs, granted third

third-party defendants Gilsanz Murray Steficek, LLP's (Gilsanz), Marino Gerazounis & Jaffe Associates Inc.'s (Marino), and Langan Engineering and Environmental Services, Inc. (Langan) and GZA GeoEnvironmental Inc.'s (GZA) motions to dismiss the claims of third third-party plaintiff Hudson Meridian Construction Group LLC, for contribution against them, unanimously affirmed. Order, same court and Justice, entered December 22, 2014, which, insofar as appealed from as limited by the briefs, granted third third-party defendant Gordon H. Smith Corporation's (Gordon) motion to dismiss Hudson's third third-party claim for contribution against it, and granted Gordon's motion to dismiss defendants/third-party plaintiffs Crystal Curtain Wall System Corp. and Crystal Window and Door Systems, Ltd.'s (collectively, Crystal) cross claim for contribution against it, unanimously affirmed, with costs.

The motion court correctly dismissed Hudson's contribution claims against Gilsanz, Marino, Langan, GZA, and Gordon (collectively, respondents), and Crystal's cross claim for contribution against Gordon. Those claims are barred, because plaintiffs' complaint seeks to recover only economic losses resulting from breach of contract (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26-29 [1987]; *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 897 [1st Dept 2003], *lv denied* 1 NY3d 504 [2003]; *Rockefeller Univ. v Tishman Constr. Corp. of N.Y.*, 232 AD2d 155, 155-156 [1st Dept 1996], *lv denied* 89 NY2d 811 [1997]).

Because Hudson had successfully argued on its prior summary judgment motion that plaintiffs are seeking only economic losses arising from a breach of contract, it may not now take the inconsistent position that plaintiffs are seeking other damages as well (*see D & L Holdings v Goldman Co.*, 287 AD2d 65, 71 [1st Dept 2001], *lv denied* 97 NY2d 611 [2002]). In any event, Hudson's current argument is unavailing. Plaintiffs' allegations that respondents negligently performed their work sound in breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC*, 116 AD3d 506, 507 [1st Dept 2014]).

Hudson's argument that respondents are liable in tort because the negligent performance of their duties launched a force or instrument of harm by creating or exacerbating a dangerous condition is unavailing, as Hudson failed to demonstrate the existence of a "dangerous condition" that caused plaintiffs' alleged injuries (*see generally Espinal v*

*Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]). Further, respondents' alleged failure to properly perform their contractual duties does not amount to the creation or exacerbation of a hazardous condition (*see id.*; *All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674, 675 [1st Dept 2012]). For the same reasons, Crystal's argument that Gordon's work caused or exacerbated a "dangerous condition" is unavailing.

To the extent Crystal argues that it is entitled to contribution on a negligent misrepresentation theory, it never asserted such a cross claim. In any event, its claims of negligence, professional malpractice, and negligent misrepresentation all sound in breach of contract (*see Board of Mgrs. of Soho N. 267 W. 124th St. Condominium*, 116 AD3d at 507; *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 323-324 [1st Dept 2009]).

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Gische and Kapnick, JJ.