■ WILTON CASIANO, Respondent, v START ELEVATOR, INC., Appellant/Third-Party Plaintiff-Appellant. TUCK-IT-AWAY ASSOCIATES, L.P., Third-Party Defendant-Respondent, et al., Defendant. [28 NYS3d 610]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about February 25, 2015, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff Start Elevator, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, and granted third-party defendant's cross motion for summary judgment dismissing the third-party claim for contractual indemnification, unanimously modified, on the law, to grant Start's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant Start Elevator established prima facie that it owed no duty of care to plaintiff by demonstrating that plaintiff was not a party to its maintenance agreement with third-party defendant, the lessor of the premises. In opposition, plaintiff failed to raise an issue of fact as to the applicability of any of the exceptions to the general rule that a contractual obligation does not impose a duty in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *All Am. Moving & Stor., Inc. v Andrews*, 96 AD3d 674 [1st Dept 2012]). He pointed to no evidence that Start "launched a force or instrument of harm" (*Espinal*, 98 NY2d at 140); he does not claim that he detrimentally relied on Start's performance of its contract with third-party defendant; and the record demonstrates that Start did not have complete control over the maintenance of the elevator, displacing third-party defendant (*id.*). Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ.