McDonald v Whitney Highland Homeowners' Assn., Inc. (2018 NY Slip Op 00930)





McDonald v Whitney Highland Homeowners' Assn., Inc.


2018 NY Slip Op 00930


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1351 CA 17-00309

[*1]TERRI A. MCDONALD, PLAINTIFF-APPELLANT,
v
WHITNEY HIGHLAND HOMEOWNERS' ASSOCIATION, INC., AND CROFTON ASSOCIATES, INC., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






LAW OFFICE OF FRANK G. MONTEMALO, PLLC, ROCHESTER (FRANK G. MONTEMALO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 22, 2016. The order, insofar as appealed from, granted the motion of defendants for summary judgment with respect to the second cause of action. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied with respect to the second cause of action, and that cause of action is reinstated.
Memorandum: Defendant Whitney Highland Homeowners' Association, Inc. (Association) owns and maintains the common areas in a townhouse complex in the Town of Perinton, Monroe County. Plaintiff owns a unit in the complex, and is thereby a member of the Association. The Association's governing document, the Declaration of Covenants, Conditions and Restrictions, provides that the Association has the duty to maintain any pipes that "servic[e] more than one Unit," and that the owner of an individual unit has the duty to maintain any other pipes.
Plaintiff commenced this action after her unit was flooded during a severe rainstorm. In plaintiff's second cause of action, for negligent maintenance, she seeks damages based on allegations that the flooding and associated property damage were caused by defendants' failure to provide adequate maintenance for the drainage pipes underneath her unit. Defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the second cause of action should be dismissed inasmuch as they had no maintenance obligations with respect to the subject pipes because those pipes did not service more than one unit. As limited by her brief, plaintiff contends that Supreme Court erred in granting defendants' motion with respect to the second cause of action. We agree.
"[T]he designation of common areas in a [condominium, cooperative, or homeowners' association] must be tailored to conform to the physical layout of the premises" (Rego Park Gardens Owners v Rego Park Gardens Assoc., 191 AD2d 623, 625 [2d Dept 1993] [internal quotation marks omitted]). Although relevant, the fact that a particular fixture, item, or space is physically connected to, accessible from, or associated with a single unit is not necessarily dispositive of the common element inquiry (see generally Board of Mgrs. of Bond Parc Condominium v Broxmeyer, 62 AD3d 925, 927 [2d Dept 2009]). Rather, where the particular fixture, item, or space provides a common benefit to more than one unit, it may be deemed to service more than its physically appurtenant unit and thus may properly be classified as a common element for which the governing board or association is responsible (see generally Royal York Owners Corp. v Royal York Assoc., L.P., 43 AD3d 357, 358-359 [1st Dept 2007], lv [*2]dismissed 10 NY3d 791 [2008]).
Here, defendants met their initial burden on their motion by establishing that the subject pipes do not service more than one unit and thus are not a common element for which the Association is responsible. It is undisputed that the subject pipes are wholly within the physical footprint of plaintiff's unit, and the plumber who repaired the pipes following the flooding testified at his deposition that they provide drainage for plaintiff's unit alone, i.e., that they do not provide any common benefit to other units in the complex.
Plaintiff, however, raised a triable issue of fact in opposition to the motion by submitting the affidavit of a professional engineer who opined that the pipes do provide a common benefit to the other units in the complex. Specifically, the engineer opined that the pipes serve, in effect, as a communal surface water drainage mechanism for the block of four townhouses to which plaintiff's unit is attached. Contrary to defendants' contention, the engineer's affidavit is not conclusory, speculative, or without foundation. The engineer explained the basis for his opinion, i.e., the slope of the block, the lack of similar piping in certain other units, and the lack of any other communal drainage system, and he described the investigative steps he took to reach that opinion, i.e., multiple site visits and a review of, inter alia, the plumber's deposition testimony. Thus, "plaintiff should be afforded the opportunity to demonstrate [at trial] that, in view of the physical layout of the property, the [subject pipes] were . . . common areas" to be maintained by the Association (Rego Park Gardens Owners, 191 AD2d at 625).
Finally, we conclude that the court's consideration of an alternative ground for granting summary judgment to defendants, i.e., that there was no breach of a duty to maintain the pipes, was improper because defendants did not move on that ground (see Gilberti v Town of
Spafford, 117 AD3d 1547, 1550 [4th Dept 2014]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court