Pihskiold v Jane St. Hotel, LLC
2026 NY Slip Op 03749
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Paulina Panagiota Pihskiold, Plaintiff-Respondent,
v
Jane Street Hotel, LLC, et al., Defendants-Respondents, Acumen Security, Inc., Defendant-Appellant.

Decided and Entered: June 11, 2026
Index No. 150236/19|Appeal No. 6885|Case No. 2025-03476|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Perry, Van Etten, Rainis & Kutner, LLP, New York (Jessica Beauvais of counsel), for appellant.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for Paula Panagiota Pihskiold, respondent.
Ryan & Conlon, LLP, New York (Joseph Thompson of counsel), for The Jane Street Hotel, LLC, The Jane Hotel and Jane Street Hospitality, LLC. respondents.

[*1]
Order, Supreme Court, New York County (Mary V. Rosado, J.), entered May 27, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Acumen Security, Inc. for summary judgment dismissing the complaint and all cross-claims as against it, unanimously modified, on the law, to grant Acumen's motion for summary judgment dismissing the complaint as against it, and to convert the cross-claim of defendants The Jane Street Hotel, LLC, The Jane Hotel, Jane Street Hospitality, LLC (collectively, the Jane Hotel) for contractual indemnification against Acumen to a third-party claim, and otherwise affirmed, without costs.
Plaintiff alleges that she was injured at a nightclub inside the Jane Hotel when a couch with about eight patrons dancing on it tipped over and struck her. At the time of the accident, Acumen had a contract with the Jane Hotel to provide security for the hotel's nightclub.
Acumen established prima facie that it owed no duty of care to plaintiff by demonstrating that she was not a party to its security contract agreement with the Jane Hotel (see Casiano v Start El., 138 AD3d 582, 582 [1st Dept 2016]). Acumen further showed that it could not be held liable for plaintiff's injuries under the exceptions set forth in Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]) for its alleged failure to stop the hotel's patrons from dancing on the couch (see Board of Mgrs. of the A Bldg. Condominium v 13th & 14th St. Realty LLC, 137 AD3d 505, 507 [1st Dept 2016]). Such inaction would have been at most a refusal to become an instrument for good, which cannot not form the basis of a duty to plaintiff (see Church v Callanan Indus., 99 NY2d 104, 112 [2002]; Trawally v City of New York, 137 AD3d 492, 492 [1st Dept 2016]).
To the extent Acumen seeks to dismiss the Jane Hotel's cross-claim for contractual indemnification, it improperly raises this argument for the first time in its reply brief (see Mandour v Rafalsky, 238 AD3d 637, 639 [1st Dept 2025]). Although plaintiff's direct claims against Acumen are dismissed, the Jane Hotel may still maintain its claim against Acumen for contractual indemnification under the broad indemnification clause in the contract (see Wayburn v Madison Land Ltd. Partnership, 282 AD2d 301, 305 [1st Dept 2001]), and thus, the Jane Hotel's cross-claim against Acumen is converted to a third-party claim (see Jones v New York City Hous. Auth., 293 AD2d 371, 372 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026