Louis J. Capozzoli, J.
The plaintiff seeks to enjoin the defendant, New York World’s Fair 1964-1965 Corporation, hereinafter referred to as “Fair Corporation ”, from erecting a screen of artificial shrubbery which, concededly, would be located wholly within the public park leased by the Fair Corporation from the City of New York, in accordance with proper State and city authority. The plaintiff argues that the erection of this screen would have the effect of blocking, obstructing or limiting the visibility of a sign owned by plaintiff and erected on the roof of its building. This building is located several hundred feet from the boundary of the fair. Plaintiff further argues that such a screen is in the nature of a spite fence, conceived out of the maliciousness of the defendant toward it, motivated by resentment on the part of the defendant because of the failure of the plaintiff to participate in the fair.
The Fair Corporation alleges that the sign in question is over 250 feet long, with letters 10 feet high, reading “ Jane Parker A&P Baked Foods ” and is approximately 110 feet above the ground. None of these figures is disputed by the plaintiff. Further, that the screen contemplated would be 750 feet away from the sign and would be separated from it by Van Wyck Expressway. As to this latter measurement the court cannot be sure that it is correct, but it does find that the distance would certainly be hundreds of feet away, if not as much as 750.
The position of the Fair Corporation is that the bright red neon of the plaintiff’s sign would result in a jarring effect upon the beauty of the fountain show to be provided by the Fountain *857 of the Planets, an exhibit on the fair grounds. This show will consist of high rising jets of water “ undulating to music and changing colors ” and will be given each night for the free enjoyment of the patrons of the fair. The defendant further contends that this sign, and the glow emitted therefrom, is generally esthetically offensive and harmful to the beauty and theme of the fair. For these reasons, argues the Fair Corporation, the screen complained of is intended to be erected wholly on the fair grounds to cut down or avoid the harmful effect of this neon sign on the fair’s beauty and not because of any malice toward the plaintiff.
This court has carefully considered the lengthy affidavits of the parties, together with the exhibits attached thereto, consisting of lease, photos, maps, diagrams, press clippings, etc. It has also examined the legal authorities cited by the parties in their respective briefs. The court is convinced from all the evidence before it that the plaintiff has failed to show that the defendant has invaded or violated any right of the plaintiff.
The test as to the permissible use of or action upon one’s own land is not whether the use causes injury to a neighbor’s property, or that the injury was its natural consequence, or that the act is in the nature of a nuisance, but is as to whether the act or use is a reasonable exercise of the dominion which the owner has over his property. While the fact of proximity imposes an obligation of care so that one engaged in improving his own property may do no unnecessary damage to that of his neighbor, it does not exclude the owner of that property from using the necessary and lawful means to adapt his property to any lawful use, even though such use may cause damage to his neighbor. (Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267; Bove v. Donner-Henna Coke Corp., 236 App. Div. 37; Mahan v. Brown, 13 Wend. 260.)
In the case of Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co. (supra, pp. 274-275) the court said: “ The general rule that no one has absolute freedom in the use of his property, but is restrained by the co-existence of equal rights in his neighbor to the use of his property, so that each in exercising his right must do no act which causes injury to his neighbor, is so well understood, is so universally recognized, and stands so impregna-bly in the necessities of the social state, that its vindication by argument would be superfluous. The maxim which embodies it is sometimes loosely interpreted as forbidding all use by one of his own property, which annoys or disurbs his neighbor in the enjoyment of his property. The real meaning of the rule is that one may not use his own property to the injury of any legal *858 right of another. The cases are numerous where the lawful use of one’s property causes injury to adjacent property, for which there is no remedy, because no right of the adjacent owner is invaded, although he suffers injury.” (Emphasis supplied.) And, later, the court said (p. 275): “ and so it has become the settled doctrine of the law that if one by excavating on his own land adjacent to the land of his neighbor, using due care, causes a building on his neighbor’s land to topple over, there is no remedy, provided the weight of the building caused the land on which it stood to give way. There is in the case supposed, damage, but no wrong, because what was done by the adjacent owner was in the lawful and permitted use of his own property. ’ ’
In the case of Bove v. Donner-Harma Coke Corp. (supra, p. 39) the court said: “ As a general rule, an owner is at liberty to use his property as he sees fit, without objection or interference from his neighbor, provided such use does not violate an ordinance or statute. There is, however, a limitation to this rule * * * An owner will not be permitted to make an unreasonable use of his premises to the material annoyance of his neighbor, if the latter’s enjoyment of life or property is materially lessened thereby.” Again (p. 39) the court continued: “ While the law will not permit a person to be driven from his home, or to be compelled to live in it in positive distress or discomfort because of the use to which other property nearby has been put, it is not every annoyance connected with business which will be enjoined. Many a loss arises from acts or conditions %vhich do not create a ground for legal redress. Damnum absque injuria is a familiar macoim.” (Emphasis supplied.)
In Mahan v. Brown, supra (p. 265) the court said: “ No one, legally speaking, is injured or damnified, unless some right is infringed. * * * The plaintiff in this case has only been refused the use of that which did not belong to her; and whether the motives of the defendant were good or bad, she has no legal cause of complaint.”
In Saperstein v. Berman (119 Mise. 205, 207) the court said: “ The general rule of the common law is that an owner may build what he pleases upon his own property no matter what the effect may be upon the property of the adjoining owner, and that it is immaterial what his motive is in so doing. * * * But, notwithstanding this general rule a number of jurisdictions have refused to follow it. And spite fences, so-called, have been declared to be private nuisances, even where there was no statute on the subject, when it was found as a fact that they were built solely with the wicked purpose of injuring the adjoining owner *859 and not for the benefit of the person erecting them.” (Emphasis supplied.)
Insofar as the plaintiff’s complaint attempts to set forth a cause of action under section 843 of the Real Property Actions and Proceeding’s Law, suffice it to say that, in the section itself, the last sentence reads as follows: ‘ ‘ This section shall not preclude the owner or lessee of land from improving the same by the erection of any structure thereon in good faith.”
Aside from the very serious question as to whether this statute applies to the case at bar, and the court believes that it does not, the fact is that the defendant has convinced the court that the screen which is intended to be erected is being erected in good faith and solely for the purpose of protecting the esthetic value of the fair grounds. While it is true that people may disagree as to whether the plaintiff’s sign might have the bad effect of which the defendant complains, it is still the latter’s right to be the sole judge of what would or would not interfere with its exhibition. As long as its decision is made in good faith the plaintiff cannot be heard to complain.
In the case of D’Inzillo v. Basile (180 Misc. 237) the court had occasion to consider the predecessor of section 843, above mentioned, which was then known as section 3 of the Real Property Law. In that case the defendant built a brick wall 26 feet high on the property line of his residential premises. This wall deprived plaintiff of the use of two windows on plaintiff’s premises. The court held that this wall was not a spite structure prohibited by the statute and stated that defendant erected the wall for the purpose of making use in good faith of his own property and that the plaintiff had no legal cause of complaint. At page 239 of its opinion the court said: “ When plaintiff’s house was built and windows were placed on the west side wall overlooking the adjacent plot, did the owner not assume the risk of having those windows shut off by the erection of an adjacent building? The answer is yes. Did that owner acquire any rights by placing those windows in that west wall with respect to the use of the property by the owner to the west? Of course not. Plaintiff built with notice of the rights of the adjoining property owner.”
The questions asked by the court in the D’Inzillo v. Basile case might well be paraphrased and asked of the plaintiff in the case at bar. The conclusion is inescapable that when the plaintiff erected the sign in question it acquired no rights with respect to the uses of the surrounding properties by the owners thereof. It erected that sign with notice of the rights of the surrounding *860 property owners to make such use of their respective properties as was best suited for their purposes, so long as no legal right of the plaintiff would be violated.
The court has carefully considered the claim of the plaintiff that the proposed action of the defendant in the contemplated erection of the screen is motivated solely by its malice toward the plaintiff. Nowhere in the affidavits and exhibits submitted by the plaintiff does the court find any evidentiary facts supporting this contention, and the court is satisfied that there has been a total failure of proof by the plaintiff to show malice on defendant’s part. The newspaper clippings attached to plaintiff’s affidavits simply represent the opinion of the news media. It certainly cannot be claimed that conclusions drawn by the newspapers and others are binding on the defendant. There is no evidence adduced that any officer of the defendant corporation, or any one authorized to speak for it, ever made any statement which would support the plaintiff’s claim of malice.
However, assuming that this were a case of mixed motives on the part of the defendant corporation, viz, malice toward plaintiff and a bona fide desire to cut down any possible damage to the beauty of the fair, even then, under the authorities, the plaintiff has no cause of action. (Beardsley v. Kilmer, 236 N. Y. 80.)
In the last-cited case, at page 89 of the opinion, the court said: “ But as we have pointed out we are compelled to disagree with plaintiff’s view that the acts complained of were solely the conception and birth of malicious motives and when we do this and decide that there were also legitimate purposes the rule seems to be perfectly well established that there is no liability.”
The court has examined the cases cited by the plaintiff which deal with canopies erected over sidewalks and which define the obligations of adjoining owners to refrain from interference with certain rights, but all of these cases are clearly distinguishable from the factual situation in the case at bar and have no application.
Accordingly, since the court is convinced that the plaintiff has no cause of action against the defendant, the motion of the plaintiff for a preliminary injunction is denied and the cross motion of the defendant for summary judgment dismissing the complaint is granted.