■ LAUREN BERNSTEIN et al., Appellants, v CLERMONT COM-

PANY, Respondent.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), dated February 3, 1989, which, upon reargument, adhered to the decision of April 20, 1988 dismissing the complaint, unanimously affirmed, with costs.

The purchasers of a condominium unit commenced this action alleging fraud against defendant as seller of the unit, based upon a representation in the purchase agreement stating that the unit plaintiffs desired to purchase was 1,370 square feet, when it was, in fact, approximately 1,132 square feet, excluding common areas. The actual square footage was disclosed to plaintiffs prior to closing, but they declined defendant's offer, as required by the Attorney-General's office, to rescind the purchase agreement, choosing instead to complete the purchase without prejudice to their rights to commence this action. Furthermore, while the purchase agreement referred to "approx. Gross Sq. Ft. Area", both the purchase agreement and the plan required plaintiffs to conduct their own examination.

Plaintiffs failed to establish reliance upon the defendant's representation *(113-14 Owners Corp. v Gertz,* 123 AD2d 850, *lv denied* 70 NY2d 604). Absent reliance, no cause of action for fraud may be established as a matter of law, and defendant's motion for summary judgment was properly granted. Concur —Kupferman, J. P., Sullivan, Carro and Milonas, JJ.