■ 61 WEST 62 OWNERS CORP., Appellant, v HARKNESS APARTMENT OWNERS CORP. et al., Respondents. [635 NYS2d 631] —Order of the Supreme Court, New York County (Stephen G. Crane, J.), entered January 26, 1995, which, *inter alia*, denied plaintiff's motion for leave to renew a prior motion seeking summary judgment on the cause of action for breach of express warranty, is unanimously affirmed, without costs or disbursements.

Plaintiff 61 West is a cooperative corporation which (while

under the control of the sponsor) entered into a contract on April 29, 1983 with defendant Harkness Apartment Owners Corp., the sponsor of the cooperative conversion, for the sale of the building located at 61 West 62 Street pursuant to the terms of the Offering Plan. The contract of sale also provided that in the event of any conflict between the Offering Plan and the contract, the terms and provisions in the Plan would govern. The Plan itself also provided that any conflict between the Offering Plan and the contract of sale would be resolved in favor of the Plan. Closing pursuant to the contract did not occur until January 1986. In the interim, there were 9 amendments to the Plan and some were made after the closing. In each instance, the sponsors represented in the amendment to the Plan that there had been no material changes in the Plan and that the Plan as amended remained in full force and effect.

Plaintiff's claim for breach of warranty arises from the fact that in the original plan the assessed evaluation for the property was set forth as $15,125,000 whereas the sponsors knew that there had been an increase in the assessed evaluation in the sum of $19,600,000 to be phased in over a five year period. The plaintiff cooperative corporation brought an action to recover damages as a result of this nondisclosure in the original Plan and the certifications of no change attested to in the amendments to the Plan, the last of which was made in 1987, resulting in an additional tax burden of some $600,000 due to the increased valuation of which the sponsors were aware. In an earlier order, the IAS Court denied motions for summary judgment by the parties. Following disclosure, in which the individual defendants, Postel and Disanza, as the principals of Harkness, admitted that they were aware of the phase-in concerning the tax increase and, in fact, had petitioned against an increased valuation, plaintiff renewed its motion for summary judgment for breach of the express warranty set forth in the Offering Plan as to taxes, which warranty was allegedly renewed by each and every amendment to the Plan (as late as 1987) rendering this lawsuit commenced in 1991 timely. The IAS Court adhered to its original determination and denied the motions on the grounds that a question of fact existed as to whether the amendments to the Offering Plan were intended to and did renew the original warranty as to taxes.

We find, on the contrary, as a matter of law, that the amendments to the original Offering Plan were intended to and did renew the express warranty made as to taxes in the Offering Plan. Thus, there were representations in the amendments that "there have been no *material* changes in the plan, and

the plan as hereby amended remains in full force and effect." (Emphasis added.) The original Plan set forth the assessed valuation of the property, the tax rates and the amount of tax payable. However, omitted from the original Plan was the fact that the City had imposed a phased-in increase in the tax assessment which would result in increased taxes for the building.

The issue as to whether there was reliance by the plaintiff on the representations made in the tax warranty or whether plaintiff knew or could have learned about the increased valuation is not applicable on this cause of action for breach of warranty. The cause of action asserts, in effect, that the plaintiff and its cooperators who purchased shares in the cooperative corporation purchased, among other things, the sponsor's promises as to the taxes. Viewed in this way, the express warranty by the seller as to the taxes constituted continuing promises to indemnify if the facts warranted were untrue (see, CBS Inc. v Ziff-Davis Publ. Co., 75 NY2d 496, 503-504).

Since the statute of limitations for a breach of warranty cause of action is six years from accrual to its interposition, the claims herein were timely made. This action was commenced on December 10, 1991. As noted, while the Offering Plan was issued outside the period of limitations, each of the amendments to the Plan, including the last four, which were signed by the sponsors on dates ranging from December 11, 1985 to July 29, 1987, included the following substantially similar provision: "No Material Changes Except as set forth in this Amendment, there have been no changes in the Plan and the Plan as amended remains in full force and effect."

The Plan was amended those four times within the six years before the action was commenced and each time the sponsor reaffirmed the Offering Plan, including the express warranty, without ever correcting the prior alleged misstatement as to the expected tax liability or disclosing the increased valuation and the phased-in tax increase. Accordingly, the plaintiff's breach of warranty claim was timely as a matter of law.

Defendants contend that the Plan complied with the regulations of the Attorney-General and was accepted for filing by the Attorney-General and accurately set forth the taxes for the year the Plan was accepted for filing. Defendants assert that they complied with the requirements set forth in 13 NYCRR 18.3 (g) (3) (x) and (xi) as to disclosure of the *first* year budget of the proposed cooperative corporation. Thus, with respect to real estate taxes, the Rules of the Department of Law require,

*inter alia,* "[f]or the projected budget year, the present year and the two years prior to submission, state the assessing authority, the assessed valuation, the tax rates and the amounts payable * * * Discuss any known or tentative changes in assessed valuation or tax rate for the *first* year of cooperative ownership. Describe any changed circumstances * * * *which may have a material effect on future assessments.* State whether *certiorari* proceedings are pending and whether they will be continued after the closing, and if so, for whose benefit and at whose expense" (13 NYCRR 18.3 [g] [3] [x]; emphasis added). Thus, while defendants stress that the rules require only notification of any known change for the *first* year of cooperative ownership, section 18.3 (g) (3) also requires disclosure of *any changed circumstances which may have a material effect on future assessments.* Further, it requires disclosure concerning certiorari proceedings which are *pending.* Therefore, there is an issue as to whether there was non-compliance with the requirements of section 18.3 (g).

Further, there is an issue as to whether the actions of the defendants constituted a breach of their contractual warranty based on the understanding of the parties and the common practice in the real estate field as to the representations in the Offering Plan and the amendments to the Plan concerning future tax liability. Accordingly, summary judgment was properly denied. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.