[729 NYS2d 34]

511 WEST 232ND OWNERS CORP. et al., Respondents-Appellants,
v JENNIFER REALTY CO. et al., Appellants-Respondents.

First Department, August 9, 2001

### APPEARANCES OF COUNSEL

*Beatrice Lesser* of counsel (*David L. Berkey* and *Stanley B. Dreyer* on the brief; *Gallet Dreyer & Berkey, L. L. P.,* attorneys), for respondents-appellants.

*Mark N. Axinn* of counsel (*Bruce A. Langer* on the brief; *Brill & Meisel,* attorneys), for appellants-respondents.

### OPINION OF THE COURT

LERNER, J.

In this action to compel the sponsor of a cooperative conversion to sell unsold shares of cooperative units it has held for more than 10 years, we are called to decide the issue of whether the sponsor had a contractual duty to dispose of unsold units within a reasonable time. The record dictates that the question must be answered in the affirmative.

Plaintiffs are the cooperative corporation (co-op) that owns 511 West 232nd Street, Bronx, New York and six shareholder/proprietary lessees thereof. Defendant, Jennifer Realty Co. is the co-op sponsor and the individual defendants are Jennifer's principals and also members of the co-op's Board of Directors (Board). Although the co-op closing took place on July 15, 1988, Jennifer holds "Unsold Shares" representing more than 62% of the corporate stock, allocated to 41 of its 66 units.

Section 1 of the non-eviction plan obligated Jennifer to offer bona fide tenants in occupancy the right to purchase the shares

allocated to their units, which offer was to remain in effect for 90 days. Thereafter, Jennifer was free to accept subscription agreements from tenants and non-tenants alike. The plan further provided that the sponsor would acquire any shares which were not sold or fully paid for by the closing date and would enter into proprietary leases for the apartments to which the unsold shares were allocated. It is undisputed that Jennifer Realty fulfilled this obligation and paid all maintenance due on its units.

In 1998, plaintiffs became aware that defendants rejected a purchase offer on a vacant apartment. Shortly thereafter, this action was commenced seeking to compel Jennifer Realty to sell unsold shares it has held for more than 10 years. Plaintiffs' complaint asserts seven causes of action sounding in common-law fraud; breach of fiduciary duties; breach of contract; equitable relief of injunction to compel Jennifer to sell its units; violation of General Business Law §§ 349 and 350 resulting in actual damages to the individual plaintiffs; intentional violation of General Business Law § 349 (h) and § 350-e (3) warranting a treble damage award and attorneys' fees to individual plaintiffs; and, injunctive relief. The gravamen of the complaint is that while the plan offered all 66 units for sale, Jennifer, which has not filed the requisite amendments with the Attorney General since 1996, retained all of its unsold shares, renting the appurtenant units at a profit, notwithstanding that plaintiffs were led to believe by section 24 of the plan (addressed as "Sponsor Profit") and by material omissions that Jennifer would sell them at the earliest opportunity, but in no event later than when each unit became vacant. Plaintiffs further allege that by adopting this policy, the individual defendants breached their fiduciary duties as Board members of the co-op.

Defendants moved to dismiss the complaint in its entirety based on documentary evidence consisting of the plan, subscription agreement and the proprietary lease. The IAS court granted the motion with respect to the third cause of action for breach of contract and sustained the other causes of action. The court reasoned that the parties' obligations to each other were contained exclusively in the plan and subscription agreement, and that the plan did not reveal any promise by the sponsor to sell the shares within any particular time frame.

It is undisputed that the New York Legislature has not imposed any statutory obligation on sponsors to dispose of all or a specified number of unsold shares in a cooperative or units

in a condominium after the offering plan has become effective. Indeed, a sponsor's statutory obligations are primarily found in the Martin Act and the Condominium Act. Therefore, to determine if the sponsor has an obligation to dispose of the units, we must look to the plan and subscription agreement.

An offering plan is a contract between the sponsor and the unit purchasers (*61 W. 62 Owners Corp. v Harkness Apt. Owners Corp.*, 222 AD2d 358). Its purpose is to sell cooperative apartments within a building. The benefits of ownership include the promise of greater stability in tenant vacancy, and enhanced communal ownership. Such contracts typically contain both express and implied promises (11 Williston, Contracts § 1295 [3d 1968]). Implied promises are recognized when either the promises are so clearly within the contemplation of the parties that it is unnecessary to express them, or when the promises are beyond the thought of the parties but necessary to effectuate the purpose of the contract (*Grossman v Schenker*, 206 NY 466, 469; *Wood v Duff-Gordon*, 222 NY 88, 91). The intentions of the parties to the contract are instructive of whether an implied promise exists and they should be determined by the words the parties employed judged in light of real estate industry practices (*61 W. 62 Owners Corp. v Harkness Apt. Owners Corp., supra*).

■ We find that the IAS court improperly dismissed plaintiffs' third cause of action for breach of contract since the sponsor made an implied promise to sell the unsold units within a reasonable time. In 1988, when the plan was initially executed, it was generally understood to be the practice of sponsors to diligently market and dispose of their units as soon as circumstances permitted. It was the intention of plaintiffs to reap the benefits of cooperative ownership. However, after 1990, the real estate market took a significant downturn, thereby rendering co-op sales difficult and unprofitable. Plaintiffs are now in a situation where they are unable to sell or refinance their purchased units, must subsidize repairs for Jennifer Realty's rental units, and are forced to live in a building populated by transient tenants. The parties understood that all units would not be sold initially; however, it was intended that all would eventually be sold. While the market slump was unanticipated, it did not alter the purpose of the plan, which was to form a stable cooperative. Thus, plaintiffs have a viable breach of contract claim and there exists an issue as to whether defendants' 10-year delay was reasonable.

In light of the reinstatement of the breach of contract claim, plaintiffs' fraud-based claims must be dismissed inasmuch as

they merely restate their contract claims and are duplicative (*Varo, Inc. v Alvis PLC*, 261 AD2d 262, 265, *lv denied sub nom. IMO Indus. v Alvis PLC,* 95 NY2d 767; *see also, Orix Credit Alliance v Hable Co.,* 256 AD2d 114).

■ Further, plaintiffs' common-law and General Business Law §§ 349 and 350 fraud claims must be dismissed since they have no standing to raise Martin Act claims. The Attorney General has exclusive jurisdiction to prosecute sponsors who violate the disclosure requirements of the act (*see, CPC Intl. v McKesson Corp.,* 70 NY2d 268). While private plaintiffs may maintain common-law fraud claims, plaintiffs are not permitted to disguise claims which rightfully belong to the Attorney General as their own (*Whitehall Tenants Corp. v Estate of Olnick,* 213 AD2d 200, *lv denied* 86 NY2d 704).

Accordingly, the order of the Supreme Court, Bronx County (Jerry Crispino, J.), entered June 29, 2000, which, to the extent appealed and cross-appealed from, denied defendants' motion to dismiss plaintiffs' fraud, breach of fiduciary duty, permanent injunction and General Business Law §§ 349 and 350 claims, but granted the motion with respect to plaintiffs' third cause of action alleging breach of contract, should be modified, on the law, to grant the motion with respect to plaintiffs' common law fraud and General Business Law §§ 349 and 350 claims, to deny the motion with respect to plaintiffs' third cause of action for breach of contract and to reinstate that cause, and otherwise affirmed, without costs.

SULLIVAN, P. J., MAZZARELLI, ELLERIN and BUCKLEY, JJ., concur.

Order, Supreme Court, Bronx County, entered June 29, 2000, modified, on the law, to grant defendants' motion with respect to plaintiffs' common-law fraud and General Business Law §§ 349 and 350 claims, to deny the motion with respect to plaintiffs' third cause of action for breach of contract and to reinstate that cause, and otherwise affirmed, without costs.