■ CHATSWORTH REALTY 344 LLC, Appellant, v HUDSON WATERFRONT COMPANY A, LLC, et al., Respondents. [765 NYS2d 39] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered March 10, 2003, which granted defendants' motion to dismiss the amended complaint and denied plaintiff's cross motion for leave to serve a second amended complaint, unanimously affirmed, with costs.

Documentary evidence in the record demonstrates conclusively that neither plaintiff nor its predecessors ever acquired the disputed property—a three-foot-wide strip running north and south along the property line between West 71st and West 72nd Streets—by transfer of title. Nor has plaintiff pleaded the necessary elements to demonstrate acquisition by adverse pos-

session, most notably, a hostile holding under a claim of right. Plaintiff's permissive use of the property, albeit for many years, negates the element of hostility necessary to establish a claim of adverse possession (*Guariglia v Blima Homes*, 89 NY2d 851 [1996]).

Plaintiff is unable to demonstrate, under the doctrine of practical location, that the parties have mutually agreed upon a new location of a previously disputed property demarcation line, or that plaintiff adversely possesses a portion of defendants' property in defiance of defendants' understanding of the boundary (*see Lewis v Berleue*, 48 AD2d 716 [1975]; *Adams v Warner*, 209 App Div 394, 397-399 [1924]). Further amended pleading is thus unwarranted.

Fundamentally at issue in this case is defendants' interference with the unobstructed river view that plaintiff has enjoyed for the better part of a century. New York does not recognize an easement for light and air, except where created by express agreement (*see Lafayette Auvergne Corp. v 10243 Mgt. Corp.*, 35 NY2d 834, 836 [1974]). Concur—Saxe, J.P., Rosenberger, Williams, Marlow and Gonzalez, JJ.