■ RICHARD SCHAEFER et al., Respondents, v JILL DEHAUSKI, Appellant. (Appeal No. 1.) [857 NYS2d 377]—

Appeal from an order of the Supreme Court, Oneida County (John W. Grow, J.), entered January 31, 2007. The order, insofar as appealed from, granted plaintiffs' motion in part and granted plaintiffs partial summary judgment and ordered a hearing to determine the portion of the fence to be removed from defendant's property.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.

Memorandum: Plaintiffs commenced this action seeking, inter alia, an order determining that the fence built by defendant along the parties' property boundary constituted a private nuisance and directing defendant to remove that part of the fence obstructing plaintiffs' view of the Black River. We agree with defendant in appeal No. 1 that Supreme Court erred in granting plaintiffs' motion in part by granting plaintiffs "partial summary judgment . . . requiring Defendant to remove a part of her fence," inasmuch as plaintiffs failed to meet their initial burden on the motion in that respect (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "The issue of whether a use constitutes a private nuisance ordinarily turns on questions of fact, one which concerns the reasonableness of the use under the circumstances" (*Murray v Young*, 97 AD2d 958 [1983]). Here, the submissions of plaintiffs in support of their motion, including an affidavit of plaintiff Richard Schaefer and the deposition testimony of defendant, raise issues of fact with respect to the reasonableness of the activities of defendant and the degree of her interference with the use and enjoyment by plaintiffs of their land. In view of our decision in appeal No. 1, the order in appeal No. 2, which, following a hearing, directed defendant to remove part of the fence, necessarily must be reversed at this juncture of the litigation. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.