■ 419 SEVENTH AVENUE ASSOCIATES, LTD., Respondent, v ANDREA GHUNEIM, as Administratrix of Estate of ABDEL GHUNEIM, Deceased, Appellant, et al., Defendants. [882 NYS2d 718]—

In an action to recover damages for nuisance and for injury to property, the defendant Andrea Ghuneim, as administratrix of the estate of Abdel Ghuneim, appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated March 19, 2008, which denied her motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the cause of action to recover damages for nuisance insofar as asserted against her and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleged that a six-foot high wall built by the

decedent of the defendant Andrea Ghuneim (hereinafter the appellant) was a "spite wall" and a nuisance as it deprived the plaintiff of light and air.

RPAPL 843 grants an owner or occupant of a structure a cause of action when he or she is deprived of light or air due to the construction of an adjoining property owner's "spite fence" (or "spite wall"). Such a fence, however, must exceed 10 feet in height, and must have been erected in bad faith. That is, a fence that is 10 feet high or less, or that was erected in good faith for the improvement of one's own property, is lawful and not to be deemed a nuisance (*see* RPAPL 843; *122 E. 40th St. Corp. v Dranyam Realty Corp.*, 226 App Div 78, 80 [1929]; *Great Atl. & Pac. Tea Co. v New York World's Fair 1964-1965 Corp.*, 42 Misc 2d 855, 860 [1964]; *D'Inzillo v Basile*, 180 Misc 237 [1943]).

In this case, the appellant established, prima facie, her entitlement to judgment as a matter of law on the plaintiff's cause of action alleging a nuisance, as it is uncontested that the wall is currently six feet high. Thus, it does not come under the ambit of RPAPL 843. In any event, the evidence in the record supports the appellant's contention that her decedent constructed the wall to maintain his and his family's privacy and safety after the plaintiff installed windows on the first floor of a shared wall which directly overlooked his backyard. Thus, the wall was not constructed in bad faith. In opposition, the plaintiff failed to raise a triable issue of fact.

However, the plaintiff additionally alleges that the decedent's negligent design and construction of the wall caused water damage to the plaintiff's building. Since the appellant did not address this cause of action on her motion, she failed to make a prima facie showing of entitlement to summary judgment as to that cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). This failure "requires a denial of [that branch of] the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.