■ RICHARD SCHAEFER et al., Respondents, v JILL DEHAUSKI, Appellant. [898 NYS2d 750]—

Appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered March 2, 2009. The judgment, following a nonjury trial, directed defendant to remove part of the fence erected on her property.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, defendant's motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a determination that the fence built by defendant along the parties' property boundary constituted a private nuisance. The fence at issue is approximately four to five feet high and is situated entirely on defendant's property. We note that this case previously was before us on appeal. In appeal No. 1, we reversed the order insofar as it granted in part plaintiffs' motion for summary judgment on the complaint (*Schaefer v Dehauski*, 50 AD3d 1502 [2008]) and, in appeal No. 2, we reversed the order directing defendant, following a hearing, to remove part of the fence (*Schaefer v Dehauski*, 50 AD3d 1503 [2008]). Following a subsequent bench trial, Supreme Court found that defendant's placement of the fence was intentional and unreasonable (*see generally Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570 [1977], *rearg denied* 42 NY2d 1102 [1977]), and it directed defendant to remove that part of the fence obstructing plaintiffs' view of the Black River.

We agree with defendant that the court erred in denying in part defendant's motion for judgment as a matter of law at the close of plaintiffs' case (*see* CPLR 4401). The sole cause of action asserted in the complaint alleged that the fence erected by defendant obstructs plaintiffs' "light, air, and view of the river." Plaintiffs failed to allege that an express easement existed pursuant to which defendant was prohibited from obstructing

plaintiffs' light, air or view of the river (*see generally Chatsworth Realty 344 v Hudson Waterfront Co. A*, 309 AD2d 567, 568 [2003]), and they failed to present any evidence of such an easement at the trial. Thus, the cause of action is governed by RPAPL 843, which "grants an owner or occupant of a structure a cause of action when he or she is deprived of light or air due to the construction of an adjoining property owner's 'spite fence' " (*419 Seventh Ave. Assoc., Ltd. v Ghuneim*, 64 AD3d 746, 747 [2009]). Pursuant to RPAPL 843, such a fence must exceed 10 feet in height and have been erected "to exclude the owner or occupant . . . from the enjoyment of light or air." No right of action for a private nuisance exists where the fence is "10 feet high or less[ ] *or* . . . was erected in good faith for the improvement of one's own property" (*419 Seventh Ave. Assoc., Ltd.*, 64 AD3d at 747 [emphasis added]). Here, the fence is less than 10 feet high, and thus defendant's motivation for building the fence is irrelevant. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.