Von Ancken v 7 E. 14 L.L.C. (2018 NY Slip Op 08097)





Von Ancken v 7 E. 14 L.L.C.


2018 NY Slip Op 08097


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Moulton, JJ.


7728 156497/13

[*1]Mary Ellen Von Ancken, et al., Plaintiffs-Appellants,
v
7 East 14 L.L.C., et al., Defendants-Respondents,


Gordon & Haffner, LLP, Harrison (Steven R. Haffner of counsel), for appellants.
Moses & Singer LLP, New York (Jay R. Fialkoff of counsel), for 7 East 14 L.L.C., respondent.
Law Offices of Solomon J. Jaskiel, Brooklyn (Solomon J. Jaskiel of counsel), for Nest Seekers International LLC and Nest Seekers LLC, respondents.



Order, Supreme Court, New York County (Debra James, J.), entered February 24, 2017, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs allege that defendants, the sponsor of a cooperative and its listing agent, made a material misrepresentation about the size of the apartment unit, and that they reasonably relied on that misrepresentation in purchasing the apartment.
Specifically, plaintiffs allege that defendants prepared a floor plan, which accompanied the listing for the unit at issue, that stated that the unit was "~1,966" square feet, when it was, in fact, approximately 1,495 square feet. Plaintiffs contend that the floor plan was incorporated into the offering plan by reference, and the offering plan, in turn, was incorporated into the purchase agreement. They rely on the following language contained in the offering plan:
"Any floor plan or sketch shown to a prospective purchaser is only an approximation of the dimensions and layout of a typical apartment. The original layout of an apartment may have been altered. All apartments and terraces appurtenant thereto are being offered in their 'as is' condition. Accordingly, each apartment should be inspected prior to purchase to determine its actual dimensions, layout and physical condition."
Based on the alleged misrepresentation incorporated into the purchase agreement, plaintiffs assert claims for breach of contract and express warranty, fraud, aiding and abetting fraud, negligent misrepresentations and violation of General Business Law §§ 349 and 350.
The doctrine of incorporation by reference "is appropriate only where the document to be incorporated is referred to and described in the instrument as issued so as to identify the referenced document beyond all reasonable doubt'" (Shark Information Servs. Corp. v Crum & Forster Commercial Ins., 222 AD2d 251, 252 [1st Dept 1995]). Here, the listing is not identified in any of the relevant purchase documents, let alone beyond all reasonable doubt, and therefore is not incorporated by reference. Thus, any alleged representation in the listing cannot form the basis of a breach of contract claim because it is not a part of the purchase agreement. No express warranty was made in the purchase agreement.
Moreover, any purported representation or warranty is refuted by the clear terms of the purchase agreement, which contains a merger clause, states that no representations are being made by the sponsor, that the unit was being purchased "as is" and that the onus was on the buyer to inspect "to determine the actual dimensions" prior to purchasing (see Rozina v Casa 74th Dev. LLC, 115 AD3d 506 [1st Dept 2014], lv dismissed 24 NY3d 1097 [2015]; Plaza PH2001 LLC v Plaza Residential Owner, LP, 98 AD3d 89 [1st Dept 2012]).
Reasonable reliance is an element of claims for fraud, aiding and abetting fraud and [*2]negligent misrepresentation (see Bernstein v Clermont Co., 166 AD2d 247 [1st Dept 1990]; J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]). Plaintiffs cannot as a matter of law establish reasonable reliance on a representation concerning the condition of the apartment since they had the means to ascertain the truth of the condition (Bernstein at 248). Since, pursuant to the terms of the purchase agreement, plaintiffs had the opportunity to inspect and measure the apartment, their fraud and negligent misrepresentation claims were properly dismissed. Consequently, dismissal of the aiding and abetting fraud claim was also proper (see Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]).
Finally, plaintiffs' allegations based on purported representations made in the listing fail to set forth a viable claim under General Business Law §§ 349 or 350, as they do not fall within the type of deceptive acts, that, if permitted to continue, would have a broad impact on consumers at large (see Thompson v Parkchester Apts. Co., 271 AD2d 311 [1st Dept 2000], lv dismissed 92 NY2d 946 [1998]). This dispute, involving the dimensions of an apartment and representations made regarding the size of that apartment, is unique to the parties to this transaction, and thus, does not fall within the ambit of the statute (id.). Additionally, since, pursuant to the Martin Act, the Attorney General has exclusive jurisdiction to prosecute sponsors who make false statements in offering plans filed thereunder, plaintiffs have no standing to pursue the claims to the extent they are based on any representations purportedly incorporated into the offering plan (id.; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 285 AD2d 244 [1st Dept 2001], affd in part on other grounds 98 NY2d 144 [2002]; Merin v Precinct Devs. LLC, 74 AD3d 688 [1st Dept 2010]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK