Board of Mgrs. of the Latitude Riverdale Condominium v 3585 Owner, LLC (2021 NY Slip Op 06072)





Board of Mgrs. of the Latitude Riverdale Condominium v 3585 Owner, LLC


2021 NY Slip Op 06072


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 27319/16E Appeal No. 14599 Case No. 2020-02956 

[*1]Board of Managers of the Latitude Riverdale Condominium, Plaintiff-Appellant,
v
3585 Owner, LLC, et al., Defendants-Respondents, "John Doe" Nos, etc., et al., Defendants.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Jared E. Paioff of counsel), for appellant.
Rivkin Radler LLP, New York (David Gise of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered May 11, 2020, which granted defendants' motion for partial summary judgment dismissing plaintiff's third through eighth causes of action, unanimously modified, on the law, the motion denied to the extent of reinstating the fifth cause of action for breach of bylaws with respect to the nuisance allegations, the sixth and seventh causes of action for constructive fraudulent conveyance, and the eighth cause of action for intentional fraudulent conveyance, and otherwise affirmed, without costs.
Plaintiff Board of Managers of the Latitude Riverdale Condominium (Board) asserts a number of claims against the condominium Sponsor, two former board members who indirectly own Sponsor — Robert Quaco and Emerich Goldstein, a former board member appointed by Sponsor, Glen D. Wolland, and Riverview Ave Holding, LLC, a company of which Quaco is the sole member.
The Board's fraudulent inducement claim is not preempted by the Martin Act because it is based upon allegations of affirmative misrepresentations, not omissions (Von Ancken v 7 E. 14 L.L.C., 171 AD3d 440, 441 [2019]; see Board of Mgrs. of the S. Star v WSA Equities, LLC, 140 AD3d 405, 405 [1st Dept 2016]). Nevertheless, Supreme Court properly dismissed the fraud in the inducement claim as duplicative of the Board's breach of contract claim, and the Board cannot establish as a matter of law that it reasonably relied upon the Offering Plan's statements about the brand of toilet, type of roofing material, and existence of a lobby vestibule, as the unit purchasers had the means to ascertain the truth of the condition when they inspected the apartments and buildings (Von Ancken at 441; see also Bernstein v Clermont Co., 166 AD2d 247, 248 [1st Dept 1990]).
Supreme Court properly dismissed the breach of fiduciary duty claim as the individual defendants are protected by the business judgment rule, because their decisions were within the scope of their authority as board members (Berenger v 261 W. LLC, 93 AD3d 175, 184 [1st Dept 2012]; see also Weinreb v 37 Apts. Corp., 97 AD3d 54, 57 [1st Dept 2012]).
With regard to the fifth cause of action for breach of the bylaws Supreme Court properly found the Sponsor did not violate the bylaws by installing the HVAC equipment without seeking board approval. Section 7.8(h) of the bylaws clearly states that Sponsor could make interior and exterior alterations to units owned by it without the consent of the Board. However, the Board submitted sufficient evidence to raise a triable issue of fact as to whether the Sponsor violated the nuisance provisions in the bylaws when it refused to remove the HVAC equipment that allegedly generated excessive noise and was a source of annoyance to unit owners (Bylaws Section 7.6[c] and [h]).
Regarding the sixth and seventh causes of action for constructive fraudulent conveyances defendants did not present sufficient evidence to show Sponsor was solvent at the time of the [*2]transfers or it wasn't left with unreasonably small capital. Contrary to defendants' contentions, no confidential or fiduciary relationship is required for constructive fraudulent conveyances (see Board of Mgrs. of BeWilliam Condominium v 90 William St Dev. Group LLC, 187 AD3d 680, 681-682 [1st Dept 2020]). Even if defendants had met their burden, the Board raised triable issues of fact as to whether the sale of multiple units by Sponsor to Riverdale Ave Holding, LLC (a company owned 50% by Quaco) were made for reasonably equivalent value.
Finally, as it relates to the eighth claim for intentional fraudulent conveyance the Board provided sufficient evidence to raise a triable issue of fact regarding the badges of fraud and the allegedly improper transactions. It showed there are numerous overlaps in ownership between all parties involved in the transfers, questions about the fairness of consideration, and awareness of all parties about the Sponsor's financial condition.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021