Howard v Reserve at Spaulding Green (2024 NY Slip Op 01463)

Howard v Reserve at Spaulding Green

2024 NY Slip Op 01463

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1024 CA 23-00378

[*1]RON HOWARD AND LISA HOWARD, PLAINTIFFS-APPELLANTS,
v
THE RESERVE AT SPAULDING GREEN AND JUREK CUSTOM BUILDERS, DEFENDANTS-RESPONDENTS. 

HODGSON RUSS LLP, BUFFALO (HUGH M. RUSS, III, OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
SCHOP POWELL & ASSOCIATES, WILLIAMSVILLE (DONALD G. POWELL OF COUNSEL), FOR DEFENDANT-RESPONDENT THE RESERVE AT SPAULDING GREEN. 
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR DEFENDANT-RESPONDENT JUREK CUSTOM BUILDERS. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 30, 2022. The order granted the motions of defendants to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motions in part and reinstating the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiffs own a condominium home in a condominium development community, and defendant Reserve Development, LLC, incorrectly sued as the Reserve at Spaulding Green, is the developer sponsor of the applicable Condominium Offering Plan (Plan). Defendant HDJ Builders, Inc., doing business as Jurek Builders, incorrectly sued as Jurek Custom Builders (Jurek), is a building co-sponsor of the Plan. Plaintiffs commenced this action for breach of contract and private nuisance after Jurek built an adjacent single-family condominium home (new home) to plaintiffs' home that was much larger than plaintiffs' home. Plaintiffs alleged that the new home did not conform to the requirements of the Plan and thus defendants were in breach of their contract with plaintiffs. Plaintiffs further alleged that the new home substantially interfered with plaintiffs' right to use and enjoy their property inasmuch as the configuration of the new home and its landscaping caused water to drain onto plaintiffs' property, and the new home "ruin[ed] virtually every view" from plaintiffs' home and "block[ed] . . . sunlight." Defendants separately moved to dismiss the complaint, and Supreme Court granted the motions in their entirety.
We agree with plaintiffs that the court erred in granting those parts of the motions seeking dismissal of the first cause of action, for breach of contract, and we therefore modify the order by denying the motions in part and reinstating that cause of action. "A CPLR 3211 (a) (1) motion 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (Jesmer v Retail Magic, Inc., 55 AD3d 171, 180 [2d Dept 2008], quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see NCA Comp, Inc. v 1289 Clifford Ave., 151 AD3d 1544, 1544 [4th Dept 2017]). In seeking dismissal of the first cause of action, defendants argued that plaintiffs were not parties to the Plan and there was therefore no enforceable contract between plaintiffs and defendants. We conclude that the documentary evidence did not conclusively establish that plaintiffs were not contractual parties to the Plan (see Watts v Champion Home [*2]Bldrs. Co., 15 AD3d 850, 851 [4th Dept 2005]; see generally 511 W. 232nd Owners Corp. v Jennifer Realty Corp., 285 AD2d 244, 247 [1st Dept 2001], affd 98 NY2d 144 [2002]; Caprer v Nussbaum, 36 AD3d 176, 200 [2d Dept 2006]; Schiller v Community Tech., 78 AD2d 762, 762-763 [4th Dept 1980]). Although plaintiffs were not signatories to the Plan, the Plan states that any person "desiring to purchase a Unit will be required to execute a Purchase Agreement in the form contained herein" (emphasis added). The Plan further provides that "a Co-Sponsor will not commence construction of a Unit until it enters into a Purchase Agreement with a prospective Purchaser." The Plan was fully incorporated and made a part of all purchase agreements. Defendants do not dispute that plaintiffs contracted with a co-sponsor of the Plan for the construction and purchase of their unit, and thus plaintiffs necessarily entered into a purchase agreement that incorporated the Plan (see generally Plaza PH2001, LLC v Plaza Residential Owners LP, 79 AD3d 587, 587 [1st Dept 2010]; Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1076 [2d Dept 2007]).
As an alternative ground for affirmance (see generally Dutton v Young Men's Christian Assn. of Buffalo Niagara, 207 AD3d 1038, 1044-1045 [4th Dept 2022]), defendants contend that documentary evidence established that they did not breach the Plan. We reject that contention. Plaintiffs allege in their complaint that the new home does not conform with model designs indicated in the Plan and that defendants were required to obtain permission from plaintiffs before amending the Plan and building the new home, and plaintiffs rely on the Rights and Obligations of Co-Sponsors section of the Plan in support of their allegations. In a CPLR 3211 (a) (1) motion, "our role is not to interpret the contract, but to determine whether defendants met their burden of proffering documentary evidence conclusively refuting plaintiff[s'] allegations" (Shephard v Friedlander, 195 AD3d 1191, 1194 [3d Dept 2021]), and we conclude that defendants did not meet their burden (see University Hill Realty, Ltd. v Akl, 214 AD3d 1467, 1468-1469 [4th Dept 2023]; Thomas A. Sbarra Real Estate, Inc. v Lavelle-Tomko, 84 AD3d 1570, 1571 [3d Dept 2011]).
Contrary to plaintiffs' contention, however, the court properly granted those parts of the motions seeking dismissal of the second cause of action, for private nuisance, for failure to state a cause of action. The elements of a private nuisance cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, [and] (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977], rearg denied 42 NY2d 1102 [1977]; see Vacca v Valerino, 16 AD3d 1159, 1160 [4th Dept 2005]). Insofar as plaintiffs alleged that the new home ruined plaintiffs' view from their home and blocked the sunlight, we conclude that plaintiffs have failed to state a cause of action for private nuisance (see generally Schaefer v Dehauski, 71 AD3d 1571, 1571-1572 [4th Dept 2010]; Ruscito v Swaine, Inc., 17 AD3d 560, 561 [2d Dept 2005], lv denied 5 NY3d 704 [2005], cert denied 546 US 978 [2005]). We further conclude that plaintiffs failed to state a cause of action for private nuisance based on the allegation that the configuration of the new home and its landscaping caused water to drain onto plaintiffs' property. A property owner has no right "to collect the surface-water from its lands . . . into an artificial channel, and discharge it upon the lands of another" (Noonan v City of Albany, 79 NY 470, 476 [1880]; see Bono v Town of Humphrey, 188 AD3d 1744, 1745 [4th Dept 2020]). Here, however, plaintiffs failed to allege that defendants drained water onto their property by artificial means (see generally Bono, 188 AD3d at 1745; Baker v City of Plattsburgh, 46 AD3d 1075, 1076 [3d Dept 2007]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court