## 144 Barrow St. LLC v Board of Mgrs. of 130 Barrow St. Condominium

2025 NY Slip Op 30179(U)

January 14, 2025

Supreme Court, New York County

Docket Number: Index No. 152145/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ALEXANDER M. TISCH** | **PART** 18 |
| | *Justice* | |

-------------------------------------------------------------------------X

144 BARROW STREET LLC

                           Petitioner,

            - v -

THE BOARD OF MANAGERS OF 130 BARROW STREET
CONDOMINIUM,

                        Respondent.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152145/2021 |
| **MOTION DATE** | 12/14/2022, 07/18/2024 |
| **MOTION SEQ. NO.** | 004 005 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 152

were read on this motion to/for                            MODIFY                   .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 153

were read on this motion to/for          CONFIRM/DISAPPROVE AWARD/REPORT   .

In this action, petitioner 144 Barrow Street LLC seeks a license to access the property at

130 Barrow Street (the Premises) pursuant to New York Real Property Actions and Proceedings

Law ("RPAPL") § 881. The Court granted the petition for a license under certain conditions in

its Decision and Order dated February 22, 2022 (NYSCEF Doc. No. 64). Among other terms,

the Court set a licensing fee of $2,000 per month and referred the matter to a Special Referee to

hear and report on the amount of reasonable professional fees for which the petitioner would be

required to reimburse the respondent.

**Motion Sequence Number 004**

In Motion Sequence Number 004, respondent moves to increase the licensing fee from

$2,000 per month to $18,483 per month, *nunc pro tunc*, to set a deadline for the petitioner to seal

the Premises' Lot Line windows and to impose daily penalties if the deadline was not met. Petitioner opposes the motion and cross-moves for attorneys' fees.

Respondent contends the protective materials installed by the petitioner resulted in three apartments losing access to their outdoor spaces, patios and balconies, or windows, all residents losing access to the shared roof deck space, and units on the southwest side of the building having their windows blocked by scaffolding and protective mesh. Respondent provides an appraiser's report stating that the restricted outdoor space and windows reduce the value of the affected apartments by $11,483 per month. Respondent further argues seven unit owners also suffer a loss of enjoyment of their apartments as a result of the work, for which respondent seeks an additional $7,000 per month, for a total of $18,483.00 per month, instead of the current $2,000.00 per month.

In the Decision and Order setting the $2,000 per month licensing fee, this Court based the licensing fee on the amount negotiated by the parties under prior agreements (SOE Work License Agreement, attached as Exhibit D to Aff. of Stanley M. Kaufman, NYSCEF Doc. No. 31; SOE Amendment, attached as Exhibit F to Aff. of Stanley M. Kaufman, NYSCEF Doc. No. 33; PreCon Survey Agreement, attached as Exhibit G to Aff. of Stanley M. Kaufman, NYSCEF Doc. No. 34 [$2,000 per month for each outdoor space encroached upon by the work for a total of $8,000 per month]). The Court allowed that either party could move for the fee to be modified if it should "prove to be insufficient or otherwise need to be changed" (*id.* at 3). In this motion, respondent does not argue the existence of any new or unexpected injuries or impact from the work but reiterates arguments made in the original motion, adding the report of appraiser Frederick Rizk, Jr., as evidence that the loss of value and enjoyment of the affected unit owners was worth more than the licensing fee ordered in the underlying decision. The Court is not

convinced that justice requires over nine times as much per month to compensate for the temporary lost value and enjoyment the unit owners may have suffered, far beyond the parties' prior agreements (RPAPL § 881). Accordingly, the Court declines to modify the amount of the licensing fee.

Respondent also claims petitioner is required by the building code and pursuant to an agreement to seal the Premises' Lot Line windows but has not done so. Respondent cites to the affidavit by architect Christa Waring, who cites New York City Building Code § 27-331. That section includes standards and requirements for exterior walls but does not state whose obligation it is to seal the windows. Petitioner is correct that a property owner who builds with windows on the lot line takes the risk of a building being erected there (*Chatsworth Realty 344 LLC. v Hudson Waterfront Co. A, LLC.*, 002, 2003 WL 1085888, at *5 [Sup Ct Mar. 4, 2003], *affd sub nom. Chatsworth Realty 344 LLC v Hudson Waterfront Co. A, LLC*, 309 AD2d 567 [1st Dept 2003]). This proceeding was brought by petitioner seeking a license to enter the Premises to perform the construction project next door. Respondent does not show that the license granted by this Court requires petitioner to seal the Premises' lot line windows. Nor has respondent filed any pleading in this action with a claim sounding in breach of contract seeking specific performance for the sealing of those windows. Accordingly, this portion of the motion is denied.

Petitioner cross-moves for its attorneys' fees pursuant to 22 NYCRR § 130.1.1(c) on the grounds that respondent's motion is frivolous. The Administrative Rules of the Unified Court System provide that "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part" (22 N. Y.C.R.R. 130-1.1[a]). Frivolous conduct is defined as follows:

"(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false."

(*Id.* at 130-1.1[c]). While respondent's motion is denied, it is not entirely without merit. The Court declines to use its discretion to grant sanctions at this time.

**Motion Sequence Number 005**

In Motion Sequence Number 005, respondent seeks to confirm the report and recommendation of Judicial Hearing Officer Lancelot Hewitt dated June 24, 2024, requiring petitioner to reimburse respondent for reasonable attorneys' and architectural fees "incurred after March 19, 2021 in reviewing, drafting, and attempting to negotiate the subject license agreement" (Decision and Order dated Feb. 22, 2022, NYSCEF Doc. No. 64, at 6). The matter was referred by this Court to JHO Hewitt, who recommended the respondent be awarded $39,405.50 in attorneys' fees and $9,825.00 in architectural or engineering design professional fees, for a total of $49,230.50 (Report and Recommendation, NYSCEF Doc. No. 137). JHO Hewitt deducted $7,457.50 from the amount requested by respondent on the grounds that certain entries for legal fees reflected time spent working on matters other than attempting to negotiate, reviewing, and drafting a license agreement after March 19, 2021 (*id.* at 8-9).

This Court "may confirm or reject, in whole or in part, . . . the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing" (CPLR §4403). JHO Hewitt did not provide detailed analysis for the recommended deduction from respondent's requested attorneys' fees. The Court performed its own analysis, reviewing the papers submitted, including affirmations, exhibits, and transcripts of the hearing before the Special Referee. The review of the submitted time sheets shows block

152145/2021 Motion No. 004 005

[* 4]

billing, billing with vague descriptions, and extensive time billed which was not spent on negotiating, reviewing, or drafting the license agreement at issue. For example, time spent on litigation is not recoverable here. The Court accepts the Special Referee's recommendation of $9,825.00 in architectural or engineering design professional fees. The Court rejects the recommendation of the Special Referee regarding the amount of attorneys' fees to be awarded and will award $14,195.00 in legal fees, for a total of $24,020.00.

For the reasons discussed above it is hereby

ORDERED that respondent's motion to increase the licensing fee and require petitioner to seal the Premises' lot line windows (Motion Seq. No. 004) is hereby DENIED. Petitioner's cross-motion for sanctions is also DENIED; and it is further

ORDERED that respondent's motion (Motion Seq. No. 005) to confirm the Report and Recommendation of the Special Referee (NYSCEF Doc. No. 134) is GRANTED IN PART. Respondent shall submit an order granting respondent $24,020.00 in professional fees.

This constitutes the decision and order of the Court.

| 1/14/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ALEXANDER M. TISCH, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | X SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |