437 W. 36th St. LLC v ZDJ W 37 LLC (2025 NY Slip Op 05448)

437 W. 36th St. LLC v ZDJ W 37 LLC

2025 NY Slip Op 05448

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 156904/24|Appeal No. 4871-4872|Case No. 2025-01604, 2025-01605|

[*1]437 West 36th Street LLC, Plaintiff-Appellant,
v
ZDJ W 37 LLC, Defendant-Respondent.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
Peraino Malinowski LLP, New York (Douglas A. Kellner of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about February 10, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the causes of action for a declaratory judgment (first, second, and fifth causes of action) and for permanent injunctive relief (third and fourth causes of action), unanimously affirmed, without costs. Order, same court and Justice, entered on or about February 10, 2025, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.
As to the causes of action for declaratory judgment, all of which sound in adverse possession, plaintiff failed to state a cause of action, as it failed to sufficiently plead that the use of the use of the property was hostile (see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; Amalgamated Dwellings, Inc. v Hillman Hous. Corp., 33 AD3d 364, 364 [1st Dept 2006]). The mutually beneficial nature of a retaining wall abutting two properties naturally leads to a conclusion that its use is permissive as to either property owner, even if the wall is located entirely on one of the properties (see Chatsworth Realty 344 v Hudson Waterfront Co. A, 309 AD2d 567, 567-568 [1st Dept 2003]).
Supreme Court correctly dismissed the causes of action for permanent injunctive relief enjoining defendant from interfering with or cantilevering over the retaining walls, and correctly denied plaintiff's motion for a preliminary and permanent injunction enjoining defendant from performing excavation or construction work along the disputed strip of land. Plaintiff did not plead or provide evidence that it will suffer irreparable harm (see Swartz v Swartz, 145 AD3d 818, 828 [2d Dept 2016]; Chernoff Diamond & Co. v Fitzmaurice, Inc., 234 AD2d 200, 201 [1st Dept 1996]). Plaintiff also does not state in the complaint that the retaining walls themselves were actually damaged during defendant's work or that defendant's workers were behaving recklessly in a way that endangered either the walls or plaintiff's property. Moreover, plaintiff has not pleaded or demonstrated a likelihood of success on the merits of its causes of action sounding in adverse possession (see Chernoff, 234 AD2d at 201).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025